29998, 30109. SAVAGE v. SAVAGE (two cases).

PER CURIAM.

These appeals are from an interlocutory order, and an order adjudging appellant in contempt thereof, in a divorce and alimony case in the Superior Court of Macon County. Various substantive provisions of the two court

orders are assigned as error in a large number of enumerations. All of these require a consideration of the evidence in the trial court but no transcript of the evidence is available to this court. The proceedings were not reported and the only record of the evidence is a document filed by appellant entitled, "Narrative transcript of evidence and proceedings, prepared from recollection by defendant [appellant]."

Appellee hotly disputes the accuracy of appellant's document of the evidence. The trial court specifically disapproved of the document as a transcript after a hearing but ordered it forwarded to this court for consideration. We cannot consider it because we cannot settle the continuing factual dispute over the correctness of the content of the document. See Code Ann. § 6-805 for the remedies which appellant could have used to establish a correct transcript of the evidence heard in the trial court.

Under these circumstances, we can only assume the trial court correctly ruled upon the substantive issues adjudicated in the two orders appealed from in this case. The law places the burden upon appellant to demonstrate reversible error in the trial proceedings. Since that has not been done, the trial court must be affirmed on these issues. See, *Buford v. Buford,* 234 Ga. 700.

Appellant further contends, however, that the official court reporter was not present to take down the evidence heard in the trial court on February 1, 1975, and the trial judge erred in not requiring the official court reporter for the circuit to be present and take down the evidence at the interlocutory divorce and alimony hearing on that date. Every litigant does have a right to have his case reported at his own expense. Code Ann. § 6-805 (j). However, it was not incumbent upon the trial judge to arrange for the official reporter to take down the evidence at the interlocutory hearing or the subsequent contempt hearing. The law does not mandate that every civil case be reported. See Code Ann. § 24-3102 and *Peoples v. Garrison & Son,* 143 Ga. 384 (2) (85 SE 119). For this reason the holding in *Massey v. State,* 127 Ga. App. 638 (194 SE2d 582) requiring the official court reporter to attend a regularly scheduled criminal trial, is not

applicable here.

It has long been the practice in this state for counsel to arrange, in advance of hearings such as these, for a reporter to be present to take down the evidence if it is desired to be done. The reporter employed to do so may be the official reporter for the circuit or some other qualified reporter who is available to attend the hearing. This practice has developed because in many divorce and contempt hearings neither party desires to have the evidence taken down for transcription and there is no statutory requirement that it be done.

The statute referred to earlier, which provides alternate means of establishing a transcript of the evidence heard in the trial court, recognizes that many such hearings are conducted by the trial judge without a reporter present. If the official court reporter was required to be present for every interlocutory divorce and alimony hearing and take down the evidence, there would be no necessity for these provisions in the statute. Appellant has failed to show he was unable to make some appropriate arrangement to have the evidence reported at the February 1, 1975, hearing or to utilize fully the provisions of Code Ann. § 6-805 to provide an approved transcript of the evidence for this court to consider in these appeals. The assertion by appellant that the trial judge ordered the official reporter not to attend the temporary hearing is controverted by the appellee and the record is silent on this subject. Thus, we cannot accept appellant's contested factual contention as being correct. We are bound by the record in the trial court and, while we can order up the complete record if it is available, we cannot supply it to consider appellant's enumerated errors when no record exists.

The final enumeration of error to be addressed in this opinion deals with appellant's contention that the trial judge is biased and prejudiced against him, and should therefore have disqualified himself from hearing the case. Appellant asserts that he made an oral motion to this effect in the trial court which has not been considered and urges that we consider it in these appeals. At the oral argument of this case, counsel for appellee noted that appellant's oral motion to disqualify the trial judge was

legally insufficient because bias and prejudice on the part of a trial judge are not grounds for disqualification of a judge in Georgia. It is true that under Code Ann. § 24-102, "alleged prejudice or bias of a judge, which is not based on an interest either pecuniary or relationship to a party within a prohibited degree, affords no legal ground of disqualification." *Jones v. State,* 219 Ga. 848, 849 (136 SE2d 358).

This was the state of the law until January 1, 1974, when the Georgia Code of Judicial Conduct became effective. See, 231 Ga., page A-1. Under Canon 3 C.(1) (a) of that Code, a judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where he has a personal bias or prejudice concerning a party. We interpret the word "should" to mean "shall" in the context of this requirement. Consequently, where bias or prejudice of a judge has been shown concerning a party, it is error for the judge to hear and decide the case.

In the present case, there is no showing that appellant introduced any evidence in support of his oral motion to disqualify the trial judge for alleged personal bias or prejudice toward him or that appellant's motion has been specifically ruled upon in the trial court. Thus, this enumeration presents no substantive issue for this court to rule upon in the present appeals. We do hold, however, that appellant is entitled to obtain a ruling in the trial court on his motion and first have an opportunity to present evidence thereon if this has not been done.

For the reasons stated, the enumerated errors which have been argued or supported by citations of authority, are found to be without merit and the trial court will be affirmed in these two cases.

All other enumerations of error are considered abandoned under Rule 18 (c) (2) of this court because they were not supported by argument or citations of authority in appellant's original brief. Under Rule 18 (a) (3), appellant's brief must contain an argument and citation of authorities. Rule 16 (a) requires that appellant's brief be filed with the clerk of this court within 20 days after the appeal is docketed in this court. It also provides that no extension of time will be granted except for providential

cause or its equivalent. Thus, it is too late to insist, for the first time, on enumerations of error discussed only in a supplemental brief filed after oral argument and almost two months after the appeals were docketed, absent some providential cause for not treating the enumerations of error in the original brief. If this were not true, an appellant could always secure a unilateral extension of time for perfecting an appeal and unduly delay the disposition of the case in this court. See *Chapman v. Gray*, 8 Ga. 337 (2, 3).

*Judgments affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED JULY 7, 1975 — DECIDED SEPTEMBER 2, 1975.

Carl P. Savage, Jr., *pro se.*

*Westmoreland, Patterson & Moseley, Carl E. Westmoreland, Stewart R. Brown,* for appellee.