## 51382. FLANDERS v. HILL AIRCRAFT & LEASING CORPORATION.

MARSHALL, Judge.

This appeal is taken from the denial of Flanders' (plaintiff below) motion for a new trial. Flanders brought action against defendant Hill Aircraft & Leasing Corporation for breach of warranty as to airworthiness, merchantability and fitness of a twin engine aircraft sold by Hill Aircraft to Flanders. Flanders sought damages caused by expenses incurred in repairs and maintenance of the aircraft, installment payments made pursuant to contract, attorney fees, and punitive damages for fraudulent and deceitful representations. Hill Aircraft failed to file a timely answer. The trial court refused to open the resultant default. Jury trial was held to assess damages, and upon trial a verdict was returned *in favor of defendant* Hill Aircraft. Following entry of judgment, Flanders unsuccessfully petitioned for a new trial.

Flanders enumerates some 15 alleged errors. The first three are on the general grounds and the remainder generally deal with rulings and acts by the trial court in admitting evidence over objection or dealing with the court's charge to the jury. In essence, these latter enumerations complain that the trial court allowed the defendant to relitigate the issue of liability, to argue questions of liability to the jury and required the jury, in effect, in its deliberations to determine that Hill Aircraft was liable for the damages suffered by Flanders. Our discussion of the alleged reopening of the question of liability disposes of all enumerations, except one, pertaining to the failure to award nominal damages to Flanders. *Held:*

In pertinent part, Flanders' petition generally alleged that he purchased the described aircraft from Hill Aircraft. At the time of the sale, Hill, president of Hill Aircraft, or one of its agents, made representations as to the airworthiness of the aircraft, the number of hours on

the engines, and prior use of the aircraft. In fact the aircraft was not airworthy and had been operated far in excess of the representation of Hill Aircraft as to air time hours. Flanders, in good faith and relying upon the representations of merchantability and fitness for the use contemplated, purchased the aircraft. The airplane was highly defective and in an unsafe condition causing Flanders great expense in the maintenance and repair of the aircraft due to its defective condition and more specifically, the aircraft exploded a cylinder on one of its engines, and incurred many other miscellaneous expenses due to defects. After Flanders made known the defects, Hill Aircraft eventually refused further adjustments, to Flanders' disadvantage. Flanders demanded special damages for his ascertainable expenses, exemplary damages for Hill Aircraft's fraudulent and deceitful representations, as well as attorney fees.

Hill Aircraft is a defendant in default. It is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged. In that state of the record, Hill Aircraft is concluded as to its liability. *Southern Bell Tel. & Tel. Co. v. Earle,* 118 Ga. 506 (4), 510 (45 SE 319); *Gary v. Central of Ga. R. Co.,* 44 Ga. App. 120 (4), 126 (160 SE 716). Since the defendant was estopped from contesting the merits of the case, the only issue Hill Aircraft could defend against was the amount of damages, that is whether the evidence of the cost of damages adduced by Flanders was accurate or not. *Cooper v. Brock,* 77 Ga. App. 152 (48 SE2d 156).

The trial court, for the limited purpose of allowing defendant to attempt to show a lack of fraud, permitted defendant to introduce evidence that the aircraft had a certificate of airworthiness, that the aircraft had logs showing the maintenance schedule and flying hours, and that no representations had been made to Flanders concerning the condition of the plane other than that it was airworthy. For the avowed purpose of establishing the lack of damages, the defendant also was allowed to introduce evidence that the damaged cylinder could have resulted from actions not attributable to the defendant

and that other alleged defects were normal in a 13-year-old aircraft. Defendant's counsel was allowed to argue generally that Flanders had failed to establish unairworthiness, fraudulent misrepresentation, and that expense items were normal wear and tear rather than attributable to defects in the aircraft. The trial court charged the jury on the definitions of fraud and misrepresentation and then required the jury to determine what damage, if any, plaintiff Flanders may have received as a direct and proximate result of the acts alleged in the complaint. The court charged that defendant Hill Aircraft would not be responsible for any repairs or expenses that were not made or incurred as a proximate result of the specific liability alleged in the petition.

Error committed by the trial court is that while the defenses offered by Hill Aircraft not only went to the assessment of damages, they also went to the very right of recovery. Such a construction of CPA § 55 (Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238 (Code Ann. § 81A-155)) "would leave the defendant in as good position when he was in default as though he had answered, relatively to all the allegations of the petition. Indeed his position would be better; for the plaintiff would have no notice of the defense relied upon, or what allegations of the petition were admitted and what denied. Such is not the intention of the default law. Under that law the amount of damages due has to be fixed by the jury even when the defendant is in default, but otherwise the allegations of the petition are to be taken as true. And 'upon the assessment of damages a defense which goes to the right of recovery can not be made.' 4 Cyc. 359." *Lenney v. Finley,* 118 Ga. 427 (2), 429 (45 SE 317); *White v. Williams,* 87 Ga. App. 496 (2) (74 SE 2d 363).

In essence, Hill Aircraft by its default admitted the aircraft was unairworthy; that it had made fraudulent misrepresentations as to the number of hours on the engines and the prior use of the aircraft; that the aircraft was not merchantable nor fit for the purpose intended; that the aircraft was defective; these defects resulted in the left engine "blowing" a cylinder; and that other costs were incurred because of these defects. Flanders

introduced evidence to show the amount of costs incurred to repair the aircraft, the repeated difficulties experienced and the unsuccessful attempts to obtain what he had bargained for, an operable aircraft. It was error to allow Hill Aircraft to dispute that which it had admitted or to require Flanders to prove by a preponderance of the evidence that the defects and injuries received were the proximate result of misrepresentations by Hill Aircraft where the causal effect of such injuries was admitted by the default. It was proper for Hill Aircraft to dispute the amount of damages even to the point of showing their nonexistence, but not to deny the admitted injuries or its liability therefor. *Lenney v. Finley,* 118 Ga. 427 (2), 429, supra.

There remains for discussion the question of nominal damages. In the present case, defendant's default requires a finding that there was a contract between the parties; that the contract was induced by fraudulent misrepresentations in that that which was promised was misstated and not delivered; and that as a result Flanders was injured. It is not necessary in order to obtain nominal damages, considering these facts, that Flanders prove quantifiable specific damage, since an injury was admitted by the default. In every case of breach of contract, the injured party is entitled to recover at the least nominal damages which will carry the costs of the action. *Bendle v. Ortho Mattress, Inc.,* 133 Ga. App. 575 (2), 580 (211 SE2d 618).

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

ARGUED NOVEMBER 3, 1975 — DECIDED
JANUARY 16, 1976.

*Guy B. Scott, E. Lynn Mitchell,* for appellant.

*Coggin, Haddon, Stuckey & Thompson, T. Jerry Jackson,* for appellee.