31017, 31327, 31328, 31329, 31330. SAVAGE v. SAVAGE (five cases).

PER CURIAM.

These appeals are from orders entered by the Macon Superior Court in a divorce suit. Appeals have already been heard by this court from earlier orders in the same case. *Savage v. Savage,* 234 Ga. 853 (218 SE2d 568) (1975).

1. Case No. 31017 is an appeal by the husband from an order entered January 27, 1976, holding him in contempt for failure to make alimony and child support payments. On February 2, 1976, that order was vacated. We therefore find nothing to review on this appeal. Case No. 31017 is dismissed.

2. Case No. 31327 is an appeal by the husband from an order granting a divorce on the pleadings to both parties and a final order giving custody of the children to the wife as well as child support, alimony and a division of property. 117 enumerations of error are raised on appeal. Enumerations No. 1 through 69 were raised in the earlier appeal, *Savage v. Savage,* 234 Ga. 853, supra, and cannot be relitigated now.

Enumerations No. 70 and 71 concern the alleged disqualification of the trial judge. The husband argues that the trial judge erred in refusing to grant his motion to disqualify himself. "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: he has a personal bias or prejudice concerning a party." Canon 3C(1)(a) of the Georgia Code of Judicial Conduct. In an appeal from earlier orders entered in this case this court interpreted the word "should" to mean "shall" and held that the husband was entitled to an evidentiary hearing and ruling on the motion. *Savage v. Savage,* 234

Ga. 853, supra.

A hearing was held on the motion for disqualification on October 23, 1975, and on November 9, 1975, the court denied the husband's motion. At the hearing the husband presented no witnesses except himself. The transcript of the hearing takes up 113 pages. Although the husband says many times that he knows the judge is biased or prejudiced against him, we can find no evidence in the transcript sufficient to cause us to find that the trial judge abused his discretion in not disqualifying himself. The husband refers to a particular incident which allegedly occurred in 1950 which he contends is the root of the alleged bias and prejudice. His testimony as to this alleged incident, however, is hearsay.

The two men practiced law in the same part of the state for approximately twenty-five years before the judge was appointed to the bench. In many instances they were opposing counsel. They also belong to different political parties and have different religious views. We cannot find bias and prejudice in these facts sufficient to require disqualification.

Enumerations No. 72 through 117 are not supported by argument or citations of authority in the husband's original brief. His supplemental brief was filed two months after the docketing of the enumerations of error. These enumerations of error are considered abandoned under Rule 18(c)(2) of this court. *Savage v. Savage,* 234 Ga. 853, 856, supra.

3. Cases 31328 and 31329 are appeals by the husband from the trial court's order of February 7, 1976, awarding the wife $3,000 as attorney fees. Since the two appeals raise exactly the same errors, we will treat them as one.

The husband contends that the order awarding attorney fees is null and void because the judge should have disqualified himself. We have discussed disqualification in Division 2 of this opinion.

The husband also argues that the court had no power to award attorney fees after a final judgment and decree of divorce. The final judgment of November 17, 1975, specifically reserved the awarding of attorney fees until a later date. We find no error.

4. In Case No. 31330, the wife raises by cross appeal the amount of the attorney fees. She contends that the $3,000 awarded to her as attorney fees is contrary to the evidence and grossly deficient. The amount of attorney fees rests in the sound discretion of the trial court and will not be set aside except where the wife shows an abuse of that discretion. We have reviewed the record and briefs and have concluded that although the evidence may have authorized a larger award, under the facts of this case the award does not amount to reversible error.

*Judgment affirmed in Nos. 31327, 31328, 31329 and 31330. Appeal dismissed in No. 31017. All the Justices concur.*

ARGUED APRIL 13, 1976 — DECIDED NOVEMBER 23, 1976.

Carl P. Savage, Jr., *pro se.*
*Westmoreland, Patterson & Moseley, Carl E. Westmoreland, Stewart R. Brown,* for appellee.