### 57363. LAKE v. HAMILTON BANK OF DALTON.

McMURRAY, Presiding Judge.

This case originally began on February 17, 1975, as a suit on a promissory note. Summary judgment was granted in favor of the plaintiff on October 1, 1975. However, in *Lake v. Hamilton Bank of Dalton,* 137 Ga. App. 600 (224 SE2d 522), this judgment was reversed. On September 13, 1976, a jury returned a verdict in favor of the plaintiff. A judgment followed, and in *Lake v. Hamilton Bank of Dalton,* 143 Ga. App. 73 (237 SE2d 518), the defendant appealed the denial of his motion for new trial. This judgment was affirmed.

Whereupon, plaintiff by post judgment discovery filed interrogatories, a subpoena of documents and a notice to take deposition. Plaintiff then filed a motion to compel discovery and application for contempt when same was not forthcoming. After a hearing, an order was entered requiring defendant to answer all 33 interrogatories, produce all the documents specified in the subpoena, and pay plaintiff's attorney certain attorney fees, and defendant was held in contempt for his wilful failure to comply with the subpoena but allowing

him to purge himself of the contempt by filing the documents by a certain date. This order was dated and filed on December 2, 1977. Defendant filed a notice of appeal but same was dismissed in the trial court on April 28, 1978.

Subsequently, another application for contempt for failure to obey the order of December 2, 1977, compelling defendant to make discovery and for failing to respond to the subpoena was then filed on May 5, 1978. Defendant was summarily ordered on the same day (May 5, 1978) confined to the common jail for 10 days and to pay a fine of $500 for wilful contempt in failing to respond to the order entered on December 2, 1977, and the subpoena of documents dated September 22, 1977. 'Supersedeas was granted, a supersedeas bond was made, and this order was appealed on May 12, 1978. In *Lake v. Hamilton Bank of Dalton,* 148 Ga. App. 348 (251 SE2d 177), this court reversed the judgment because of defective service of the subpoena and because the order holding the defendant in contempt was void.

However, while this last appeal was pending in this court, on July 7, 1978, pursuant to a rule nisi previously issued and scheduled for hearing on June 28, 1978, the trial court considered the deposition 'of the defendant taken on October 31, 1977; and after argument of counsel the court again found the defendant in wilful contempt of the December 2, 1977 order issued on motion to compel discovery because of defendant's wilful failure to answer certain interrogatories served on or about September 19, 1977, failure to respond to the subpoena for production of documentary evidence served on or about October 18, 1977, and failure to answer certain questions propounded to him in the October 31, 1977 deposition (therein set forth with the objections of the defendant thereto overruled). The trial court held defendant had waived his right to object to the interrogatories and to object to the subpoena as he did not timely file objections or answers, did not seek a protective order and made no attempt to comply with the prior orders of the court, the subpoena for production of documentary evidence or the interrogatories. Defendant's objections to some of the interrogatories were overruled and some were sustained. Whereupon, the court again

sentenced him to 20 days in the common jail and ordered him to pay a $300 fine. However, he was allowed to purge himself of contempt by answering fully and completely certain numbered interrogatories to the satisfaction of the trial court, produce the specified documents subpoenaed and answer to the satisfaction of the trial court each and every question propounded in the deposition of October 31, 1977, and by paying the fine of $300 and paying plaintiff's counsel attorney fees of $150 awarded him on December 2, 1977, and $500 awarded him on July 7, 1978. Defendant appeals. *Held:*

Not only did the appeal in *Lake v. Hamilton Bank of Dalton,* 148 Ga. App. 348, supra, act as a supersedeas pending the appeal, but a supersedeas bond was ordered and same was filed in that case. That case was filed in this court on July 5, 1978. While the appeal was pending the trial court was without jurisdiction to consider another rule nisi in which a hearing was scheduled for June 28, 1978 (thereafter heard on July 7, 1978) and hold the defendant in contempt again. Same was a nullity. See *Walker v. Walker,* 239 Ga. 175 (236 SE2d 263); *Berman v. Berman,* 231 Ga. 727 (1) (204 SE2d 125); *Tyree v. Jackson,* 226 Ga. 642 (177 SE2d 159); *Kiser v. Kiser,* 214 Ga. 849, 852 (108 SE2d 265) and cits.; *Howard v. Lowell Machine Co.,* 75 Ga. 325 (1a); *Western & A. R. v. State of Ga.,* 69 Ga. 524 (5). The trial court was without jurisdiction to consider further the question of the defendant's contempt while an earlier similar order of contempt was under review in this court.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED MARCH 7, 1979 — DECIDED MAY 29, 1979.

*Paul S. Weiner, for appellant.*
*Katz, Paller & Land, John E. Robinson, for appellee.*