## 61210. HOWARD v. DEPARTMENT OF HUMAN RESOURCES.

McMURRAY, Presiding Judge.

This is an appeal by the natural mother of three children, ages 15, 14, and 9, from an order finding the children deprived and transferring legal custody (temporary) to the Fulton County Department of Family and Children Services for such placement, care, assistance and supervision as said agency shall find needful and

necessary, but allowing visitation privileges to the parents and requiring each of the fathers to pay child support. Each child was fathered by a different man and none of the fathers had contributed anything toward the support of the children. The mother and children had resided in a housing project in Atlanta for the past 9 years although the older child had resided with his paternal grandmother from age 4 until approximately 1 1/2 years before the mother lost custody. This child is afflicted with muscular dystrophy, has a hearing problem and requires special care.

Two petitions were filed by a caseworker for the Fulton County Department of Family and Children Services, alleging the children to be deprived. One petition involved the older child, whereas the second petition involved the other two children who had lived continuously with the mother. The juvenile court consolidated the hearings over objection of counsel.

After a lengthy hearing the juvenile court, in two separate orders, sustained the allegations of the petitions finding as to the older child that the mother had not supported him from the time he was approximately 4 years of age "until the summer of 1978." This child suffers from muscular dystrophy, has special needs, uses crutches to walk, has hearing problems, and uses hearing aids in both ears. The mother has canceled numerous medical appointments while he has been in her home for the past two years. The mother uses intoxicants to excess and abuses said child "by shaking him, hitting him with her fists, threatening him with a knife, cutting his hair off," threatening him and his sister with a sharp pointed object and on several occasions they have been forced to seek refuge at the homes of neighbors when abused by the mother.

In the other order, as to the other two children, much of this evidence was reproduced, that is, that the mother drinks alcoholic beverages to excess and while in such state she abuses the children. One of these children has been hit in the face by the mother, causing a nosebleed and the bridge of her nose to be swollen. The other child has received a long scar on her arm as a result of her mother's abusive treatment. This child has left home on occasion because of the lack of adequate supervision and abuse, and these children are deprived and in need or care and protection. The mother (as respondent) appeals. *Held:*

1. The first enumeration of error contends the juvenile court erred in failing to grant appellant/mother's motion for mistrial and recusal after the trial judge had assumed the dual role of advocate for the petitioner and as trier of facts and law. During the examination of a caseworker as a witness, appellant/mother's counsel objected to the caseworker refreshing her memory from her notes, at which time the

court advised her to "[t]ell him what you will be testifying about and the details and information that you will be using your notes for, whether or not they were made at the same time that you are talking to the lady or talking to your clients or when it is made so that he [appellant/mother's counsel] will know how soon after your talk with them that you make the notation." The objection of counsel was that the court was attempting to lay a foundation for this evidence, that the court could have appointed a special prosecutor to act on behalf of the department but the court "is exerting itself into the proceedings more as a prosecutor," and renewed an earlier motion for mistrial.

The motion was denied, the court stating that it was the duty of the court to see that a trial is fair, that it gives all of the information that is needed; that it was necessary for counsel to properly represent the client and that it was not prejudicial to lay the foundation since counsel had made an objection. We find no merit in the complaint that the juvenile court erred in refusing to grant the mistrial. All of the above occurred as the witness refreshed her recollections from her notes and in response to the objection made.

As to the alleged error in the failure of the juvenile court judge to recuse herself, we find only one motion (oral) to recuse in the transcript and record of the proceedings, and no specific reference is made in the brief as to any other motion to recuse. After the proceeding had progressed for some time, as reflected by 237 pages of transcript, the appellant/mother's counsel made the oral motion to recuse. The argument seemingly contends that the juvenile court judge should of her own accord have recused herself, citing *Savage v. Savage,* 234 Ga. 853, 856 (218 SE2d 568), that where bias and prejudice of the judge have been shown it is error for the judge to hear and decide the case. However, that case is authority to show that there is no merit in the appellant/mother's complaint. See also *Savage v. Savage,* 238 Ga. 16 (2) (230 SE2d 851). Here we find no proper motion for recusal and no evidentiary hearing and ruling on the motion. Further, in the recent case of *State v. Fleming,* 245 Ga. 700, 702 (267 SE2d 207), the Supreme Court has set forth in great detail the procedure to be followed when a motion for recusal is made, requiring an affidavit of personal bias or prejudice to be filed, and adopting the federal rule on motions to recuse as being the most acceptable to be followed. None of this procedure was followed here. We find no merit in this enumeration of error.

2. The next enumeration of error contends that the court erred in denying appellant/mother's motion to dismiss the deprivation petition as to one of the children who had previously been temporarily placed in the custody of the Fulton County Department of Family and Children Services as it was determined that this child

was allowed to visit Disney World in the State of Florida while the action was pending. None of the circumstances surrounding the visit of this child, ostensibly with other children in the custody of the Department of Family and Children Services, was shown and we find no merit in this complaint as to the child being allowed to leave the territorial borders of Georgia. Apparently the visit to Florida was not a change of residence but simply for recreational purposes. The case of *In re: A. S.,* 140 Ga. App. 865 (232 SE2d 145), cited in support of this enumeration, is simply inapposite.

3. It has been established by clear and convincing evidence that these children have been abused. The medical appointments of the older child had not been properly kept but canceled by the mother when this child had great need for this special treatment. The mother when intoxicated would abuse the children by use of physical violence. While the evidence had not disclosed that she had injured them permanently, nevertheless the evidence was sufficient for legal custody to be temporarily transferred from the parent to the Fulton County Department of Family and Children Services, as authorized by Code Ann. § 24A-2301 (Ga. L. 1971, pp. 709, 734). There was considerable conflict in the testimony heard by the juvenile court, nevertheless the evidence was sufficient to show the children were deprived so as to authorize the transfer of temporary legal custody. The case sub judice is not one wherein the parental rights have been terminated as authorized by Code Chapter 24A-32 (Ga. L. 1971, pp. 709, 747, 748; 1974, p. 389; 1974, pp. 1126, 1133; 1977, pp. 181, 182). For a ruling as to the sufficiency of the evidence necessary for the termination of parental rights see *Chancey v. Dept. of Human Resources,* 156 Ga. App. 338, wherein this court set forth that there must be a showing of parental unfitness "caused either by intentional or unintentional misconduct resulting in abuse or neglect of the child, or by what is tantamount to a physical or mental incapability to care for the child." The juvenile court in the case sub judice did not err in transferring the temporary legal custody of these children to the Fulton County Department of Family and Children Services.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 2, 1981.

*R. Edward Furr, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Vivian D. Egan, Assistant Attorneys General,* for appellee.