## 61107. PERRIN v. KILGORE.

POPE, Judge.

Appellee broker brought suit against appellant seller to recover a commission of $31,000 arising out of a written contract for the sale of real estate. Appellee also sought punitive damages and attorney fees based on alleged misrepresentations made by appellant. The trial court directed a verdict in the amount of $31,000 in favor of appellee and submitted the issues of punitive damages and attorney fees to the jury; the jury awarded appellee $3,000 in attorney fees. Appellant enumerates as error the trial court's overruling her motion to dismiss, the denial of her motion for directed verdict, the grant of appellee's motion for directed verdict and the court's failure to charge the law as to contracts whose terms are too vague and indefinite to be enforceable. Finding no error, we affirm.

1. The record shows that appellant was served with a copy of the complaint on September 7, 1979 and that she filed no answer thereto and was in default throughout the course of this matter. On February 22, 1980 the trial court denied appellant's oral motion to dismiss in which she had contended that the contract was too vague and ambiguous to be enforceable and that appellee Kilgore had no rights under the contract, since by its terms the real estate agent was

Southern Realty Company. Appellant contends the trial court erred in denying her motion to dismiss; we disagree.

"The time for filing an answer and opening the default as a matter of right had passed. Code Ann. § 81A-155 (a). There was no effort to seek leave of court to open the default as required by Code Ann. § 81A-155 (b). [Appellee] was entitled, therefore, to a default judgment ' . . . as if every item and paragraph of the petition were supported by proper evidence . . .' " *Henry v. Adair Realty Co.,* 141 Ga. App. 182, 183 (1) (233 SE2d 39) (1977). Therefore, appellant was estopped from contesting the merits of the case via her motion to dismiss. See *Flanders v. Hill Aircraft &c. Corp.,* 137 Ga. App. 286 (223 SE2d 482) (1976).

2. Using the same contentions set out in her motion to dismiss, appellant moved for a directed verdict on the issue of the broker's commission at the close of appellee's evidence. The trial court denied this motion but later granted appellee's motion for directed verdict as to the broker's commission after appellant declined to introduce any evidence. Appellant enumerates as error the trial court's respective rulings on these motions.

Appellant's contentions on her motion for directed verdict went to appellee's right to recover under the contract. Since the case was in default, the trial court properly denied her motion. *Flanders v. Hill Aircraft &c. Corp.,* supra. Furthermore, appellant admitted that she executed the subject contract as seller and that appellee was the broker on this contract. The contract set out a broker's commission of $31,000. Accordingly, the trial court did not err in directing a verdict in favor of appellee in the amount of $31,000. See *Ga. Farm Bureau Mut. Ins. Co. v. Williamson,* 124 Ga. App. 549 (3) (184 SE2d 665) (1971).

3. Appellant's remaining enumeration of error is not supported by either citation to authority or argument and is deemed abandoned. Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 7, 1981 — REHEARING DENIED APRIL 16, 1981.

*William J. Porter, Jr.,* for appellant.
*Michael T. Thornton,* for appellee.

ON MOTION FOR REHEARING.

Appellant argues in her motion for rehearing that our decision in Division 1 of this case "implicitly announces that a case in which a

default judgment has been rendered is final, absolute and beyond attack for any reason." This argument is wholly without merit. Although this case was in default at the time appellant was denied her motion to dismiss, no judgment had yet been entered. Considering the grounds asserted in her motion, we view it as one seeking dismissal of the complaint for failure to state a claim upon which relief can be granted, i.e., a motion for judgment on the pleadings. *Snooty Fox, Inc. v. First American Investment Corp.*, 144 Ga. App. 264 (241 SE2d 47) (1977). Since appellant was indisputedly in default at the time she moved to dismiss the complaint, every item and paragraph of the complaint was deemed "supported by proper evidence." Code Ann. § 81A-155 (a). Under these circumstances the proper vehicle by which appellant should have attacked the sufficiency of the complaint was via a motion to open the default in accordance with Code Ann. § 81A-155 (b). Accordingly, appellant was not permitted to circumvent her failure to file an answer by contesting the merits of appellee's claim via a motion for judgment on the pleadings.

*Motion for rehearing denied.*