## 63158. COHRAN v. JONES et al.

DEEN, Presiding Judge.

The order appealed from in this case is as follows: "The Motion to Dismiss, or in the alternate, Motion for Summary Judgment, filed by the Third Party Defendants on September 25, 1980, coming on regularly to be heard by this Court, and, after hearing argument of counsel, after considering the pleadings and all papers filed in connection with this Motion, It is hereby Considered, Ordered and Adjudged that the Motion to Dismiss be sustained on grounds one, two and three, and it is so ordered, this 4th day of May, 1981." Two motions to dismiss the appeal on the ground that the case is still pending and the motion appealed from is not final have been made in this Court by the plaintiffs and by the third party defendants respectively.

The order appealed from granted the motion to dismiss the defendant's third party complaint and two cross claims to the extent that the latter were directed against the third parties, which motion also "plead in the alternative that summary judgment be entered in favor" of the third parties. The named grounds were failure to state a claim upon which relief can be granted; improper venue in Cobb County, and failure to comply with Code § 81A-114 in that these defendants "are not persons who are or may be liable to Cohran for all or part of the plaintiff's claims against him." *Held:*

1. It is clear that the order signed by the trial court on which this appeal is based is an appeal from a motion to dismiss the third parties (two Atlanta law firms) and not the grant of summary judgment in their favor. The court clearly ruled that the *motion to dismiss* was sustained. He also clearly stated the dismissal followed the consideration of argument of counsel, pleadings, and papers filed in connection with the motion. No evidence was considered. The grounds on which the motion was based are not summary judgment issues. The first — that the pleadings set out no cause of action against the third party defendants — is in the nature of a general demurrer, which is a pleading matter. Venue and/or jurisdiction is a subject matter in abatement, not one involving a judgment on the merits. As to the third ground, it is clear from the pleadings that the defendant Cohran (an attorney who formerly represented the plaintiffs and who is being sued for malpractice) is not contending that the third party defendants (various attorneys or law firms who at various times have also represented the plaintiffs) have a liability over to him for any acts charged against him by the plaintiffs, but is instead tendering other defendants by means of allegations that any damage the plaintiffs have suffered is due to the negligence of other

attorneys unconnected with him. Code § 81A-114 dealing with third party complaints "does not allow the tender of another defendant who is or may be liable to the plaintiff." *Balkcom v. Mull,* 129 Ga. App. 277 (199 SE2d 346) (1973); *Stein v. Burgamy,* 150 Ga. App. 860 (2) (258 SE2d 684) (1979). See also *Dorsey Heating &c. Co. v. Dickson, Inc.,* 153 Ga. App. 599 (266 SE2d 282) (1980). From all of these facts it is clear that the order dismissing the third party defendants was in fact an order of dismissal and not the grant of a summary judgment, as contended by the appellant.

2. Having established that the order from which this appeal is made was not the grant of summary judgment, but a dismissal from this litigation of certain persons designated by appellant as third party defendants, we grant the motions to dismiss this appeal. The main case, together with the defendant's cross actions against the plaintiffs, is still pending in the trial court. There has been no grant by the trial judge of a 10-day certificate nor any petition for interlocutory review as required by Code § 6-701 (a) 2. We accordingly have no jurisdiction. *Lowe v. Payne,* 130 Ga. App. 337 (203 SE2d 309) (1973).

*Appeal dismissed. Banke and Carley, JJ., concur.*

DECIDED DECEMBER 2, 1981 —
REHEARING DENIED DECEMBER 18, 1981.

*Larry Cohran, Hilton B. Dupree, Roy E. Barnes,* for appellant.
*Steven W. Ludwick, Taylor W. Jones, M. Jerome Elmore,* for appellees.