## 63237. COHRAN v. CARLIN et al.

Deen, Presiding Judge.

This contempt case arises from the litigation which was the subject of a notice of appeal in *Cohran v. Jones,* 160 Ga. App. 761. The notice of appeal in that action was filed May 8, 1981 and has been dismissed by this court as the litigation is still pending in the trial court, appellant having failed to obtain permission for an interlocutory appeal as required by Code § 6-701 (a) 2. Two orders of the trial court passed the same day and requiring the defendant to answer certain interrogatories and make certain discovery were not complied with and this triggered the contempt judgment of June 15, 1981 from which this appeal was filed.

We affirm. Where, as in *Walker v. Walker,* 239 Ga. 175 (236 SE2d 263) (1977) there is an appeal from a final judgment, such appeal deprives the trial court of jurisdiction to take further proceedings toward the enforcement of the judgment on appeal for the reason that Code Ann. § 6-1002 (a) provides that in civil cases a notice of appeal from such final judgment serves as a supersedeas. See also *Lake v. Hamilton Bank,* 150 Ga. App. 123 (257 SE2d 31) (1979). Also, since the amendment to Code § 6-701 (a) 2 by Ga. L. 1975, pp. 757, 758 effective July 1, 1975, an order of the appellate court granting a petition for interlocutory review where the trial court had issued the required 10-day certificate that immediate review should be had, the notice of appeal timely filed thereafter "shall act as a supersedeas as provided in Section 6-1002 and the procedure thereafter shall be the same as in an appeal from a final judgment."

*Turner v. Harper,* 233 Ga. 483 (211 SE2d 742) was decided on January 7, 1975, prior to the effective date of Code § 6-701 (a) 2 setting out the present procedure for interlocutory appeals. That case properly held under the law then obtaining that where an interlocutory appeal is certified for review in the appellate court (no petition for review to this court being a part of the prior procedure), "[T]he trial court retains jurisdiction with discretionary power to proceed with the trial or enter any other order in the case pending the appeal." Id., p. 484. It is clear that except for the right to automatic supersedeas set out in Code § 6-701 (a) 1 or 2 the trial court does in fact have jurisdiction to proceed with the case, although of course any judgment so rendered is subject to being vacated if adversely affected by the judgment in the pending appeal.

We have held in *Cohran v. Jones,* supra, that the attempted appeal in that case, not being from a final judgment nor upon the grant of a petition for interlocutory review, was a nullity. The trial court accordingly retained jurisdiction with discretionary power to order the defendant to comply with certain interrogatories, subpoenas and other discovery requests, and to hold him in contempt for wilful failure to do so.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED DECEMBER 2, 1981 —
REHEARING DENIED DECEMBER 18, 1981.

*Hilton B. Dupree, Roy E. Barnes,* for appellant.
*Taylor W. Jones,* for appellees.

ON MOTION FOR REHEARING.

The appellant's motion misconstrues our citation of *Turner v. Harper,* 233 Ga. 483. We cited this case not as existing law but to

support the proposition that supersedeas is a stay of proceedings in the trial court which can only come about legitimately when a statutory condition under which supersedeas is arrived at has been observed. Where there is no supersedeas pending appeal, the trial court has jurisdiction and may conduct further proceedings in the case.

We pointed out that the statutes provide two cases in which the appeal acts as a supersedeas. This is because Code § 6-1002 dealing with supersedeas in civil cases holds that in civil cases, "the notice of appeal *filed as hereinbefore provided* shall serve as a supersedeas, upon payment of all costs in the trial court by the appellant, and it shall not be necessary that a supersedeas bond be given . . ." (Emphasis supplied.)

Thus the filing of a notice of appeal *"as hereinbefore provided"* is a condition precedent to the grant of a supersedeas.

One of the two statutory methods of filing a notice of appeal so as to cause it to act as a supersedeas is that the notice of appeal be filed where the case is no longer pending in the trial court. Code § 6-701 (a) 1. *Cohran v. Jones,* the main case and a companion case on this appeal, is still pending and its notice of appeal was obviously not from a final judgment.

The other statutory method is when the notice of appeal is filed from an otherwise unappealable order, after the trial court's certificate of review and this court's grant of an interlocutory appeal. See Code § 6-701 (a) 2, which specifically specifies that such grant acts as a supersedeas. Code § 6-701 (a) 2 (B).

In no other case does the attempt to appeal a case by the filing of a notice of appeal act as a supersedeas. This contempt arose out of a failure to comply with an interlocutory order in the main case where an appeal of the main case was attempted. However, that attempted appeal was not from a final judgment and it was not one containing either a certificate of review or a grant from this court. Neither was it one of the specially enumerated proceedings mentioned in the statute. Therefore, it was a mere nullity.

The appeal in *Cohran v. Carlin,* was from disobedience of an order in the main case *not* invoking supersedeas in either of the ways it may presently be invoked. Thus the question of supersedeas had to be decided as though these statutes did not exist, since neither statutory method had been triggered. *Turner* simply stood for the proposition that where *supersedeas is not involved,* the trial court has a discretionary power to proceed with the trial (but at his peril, of course, if the case is reversed on appeal).

Here there was no valid notice of appeal in the main case and the appeal was dismissed. The trial court therefore was not subject to the

restrictions of a supersedeas and he did have jurisdiction to compel obedience to a further interlocutory order in the main case.

None of the cases cited in the appellant's motion for rehearing indicates a different result, since in each of them there was in fact a valid appeal from a non-final judgment following a certificate of review by the trial court and the grant of an interlocutory appeal by this court, none of which appears in this record.

*Motion for rehearing denied.*