38270. HAZZARD v. PHILLIPS et al.

MARSHALL, Justice.

The appellees filed a petition in equity to partition certain real property which they claim to own along with the appellant as heirs-at-law of a deceased brother. The petition alleged, inter alia, that a previous administration of the estate, which lasted for several years, had failed to settle the property; that a second administration had been attempted by them, but was denied by the probate court on grounds that the court records showed that the previous administrator had been duly discharged, upon proceedings which reflected payment of debts and distribution of assets to the heirs. (The property in question here had been conveyed jointly to the present parties by a deed executed by the administrator and duly recorded.) The petition further alleged that the appellant claims to have improved the property, and that the appellees are entitled to an accounting of the improvements made. Further, that one of the appellees, during the administration, had obtained a security deed against the property through assignment, as well as quitclaim deeds from several of the named appellees, and that her rights to the property by virtue of these deeds should be declared by the court.

The case became in default on April 10, 1981. During the 15-day grace period provided by Code Ann. § 81A-155 (a) in which the default could be opened as a matter of right, the appellant filed an answer and a counterclaim, without the payment of any costs. The answer alleged that the petition was not properly brought as a partition proceeding, and presented no case and controversy between

the parties of which the court had jurisdiction. The counterclaim alleged that the appellees had orally agreed to sell the property to the appellant for a purchase price indicated on an appraisal caused to be made by two of the appellees; that this parol agreement provided that payment was to be deferred until the appellant had improved the run-down property so that it could be rented; and that, relying upon the agreement, the appellant had invested considerable money and labor to render the structure suitable for occupation.

After the expiration of the 15-day grace period, the plaintiffs-appellees filed motions to dismiss and strike the defendant's answer and counterclaim, for default judgment, and for the appointment of a receiver. Thereafter, counsel for the appellant paid the court costs.

A hearing was held on May 28 on the motion to strike. Although no order to this effect appears in the record before us, counsel for both parties on appeal state that the trial judge announced that he would hold in abeyance his ruling on the motion and allow the appellees' attorney to depose the appellant. Counsel for both parties agreed to the appointment of a receiver for purposes of collecting and preserving rents from the property.

After the taking of the appellant's deposition, the appellees filed a motion for summary judgment. After a hearing, the trial judge entered an order granting the motion to dismiss and strike the answer and counterclaim; directing the appointed receiver to sell the property at a public sale, with the proceeds to be distributed upon a further order of the court; and granting the motion for summary judgment. The appeal is from this order.

1. The trial judge did not err in granting the motion to dismiss the appellant's answer and counterclaim. Code Ann. § 81A-155 (a) provides in part, "The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, *upon the payment of costs.*" (Emphasis supplied.) Full payment of costs is a condition precedent to opening a default. *Marbut Co. v. Capital City Bank,* 148 Ga. App. 664, 666 (2) (252 SE2d 85) (1979). Therefore, since the appellant did not pay the costs during the 15-day grace period, the filing of his answer and counterclaim did not alone open the default as a matter of right.

Nor was the default technically opened at the trial judge's discretion, under Code Ann. § 81A-155 (b), following the payment of costs. The court's order showed that the defensive pleadings were not allowed, and specifically provided, "the default not having been opened as a matter of right *or by order of the court . . .*" (Emphasis supplied.)

2. The deposition which was allowed after the case was already

in default, is not generally considered a pleading. Code Ann. § 81A-107 (a). The general rule is that the effect of the trial court's order striking the answer and any other defensive pleadings is to remove the whole defensive pleading, so that — there being then no answer to the complaint and no further action by the defendant — default judgment is properly entered. At that point, the defendant, being in default, is in the position of having admitted each and every material allegation of the plaintiff's complaint except as to any damages alleged. Hence, he is concluded as to his liability, and is estopped to contest the merits of the case, including jurisdiction (other than subject-matter jurisdiction). See *Whitby v. Maloy,* 150 Ga. App. 575 (1) (258 SE2d 181) (1979) and cits.

3. The appellant argues that it was error for the trial judge to consider the appellees' deposition of him and rule on the motion for summary judgment after he was already in default, contending that such ruling effectively bars forever those claims he has or may have against the other heirs, which he had attempted to assert in his untimely compulsory counterclaim. Code Ann. § 81A-113 (a).

While it is true that the appellant was in default after his defensive pleadings were stricken, so that he is deemed to have admitted each and every material allegation of the appellees' petition except as to any damages alleged, the trial judge technically did not enter a default judgment against him. Indeed, the affirmative equitable relief sought did not make a default judgment applicable or appropriate.

We have held that where, "before entry of default judgment, trial or hearing on the merits for final relief is held in a suit for declaratory judgment or injunction or both, and the defendant appears and opposes the relief sought, the trial court may treat the evidence adduced as constituting the answer of the defendant and refuse to enter declaratory or injunctive relief by default if any evidence adduced would authorize judgment in favor of the defendant." *Nelson v. Bloodworth,* 238 Ga. 264, 266 (1) (232 SE2d 547) (1977). We hold that the rationale of the *Nelson* case authorized the trial judge here to consider the defendant-appellant's deposition and to rule on the motion for summary judgment, based upon the petition and the deposition.

Although the appellant's compulsory counterclaim has been stricken, it does not follow that the relief sought therein can not be obtained under the present stance of the case. The counterclaim sought the sale of the property, and, as we have already noted, the trial judge's order directed the appointed receiver to sell the property at a public sale, with the proceeds to be distributed *upon a further order of the court.* The basis and amounts of such distribution will

not be known until such order is entered, and may not be at variance with the appellant's contentions in his counterclaim and deposition. The petition and the deposition did not raise genuine issues of material fact; therefore the trial court correctly granted summary judgment for the appellees.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 1982.

*Thomas M. Jackson,* for appellant.
*V. J. Adams, Jr.,* for appellees.