### 38406. HAMMOND et al. v. PAUL.

WELTNER, Justice.

H. D. Hammond, individually and as executor under the will of E. J. Hammond, deceased, and Eunice Clark Hammond brought this action to set aside a lease of real property and farm equipment entered into by the deceased, as lessor, and Paul, as lessee. The case was submitted to the jury on a single issue, namely, whether the deceased was of sound mind at the time the lease was made. The jury returned a verdict in favor of Paul, and the Hammonds appeal.

(1) The Hammonds contend that the verdict and judgment are contrary to law and to the evidence. There was ample testimony at trial to the effect that the deceased was of sound mind at the time the lease was made. Although there was some evidence to the contrary, the determination of the jury will not be disturbed on appeal, no material error of law appearing. *Smith v. Merck,* 206 Ga. 361 (4) (57 SE2d 326) (1950).

In connection with these general grounds of appeal the Hammonds contend that the lease is void for lack of consideration. The case was tried on the single issue of mental competence. A careful examination of the record indicates that no motion for a directed verdict was made, nor was the issue of lack of consideration presented

to the trial judge.[1] Issues never raised at trial will not be considered for the first time on appeal. *Carter v. Pruitt,* 235 Ga. 204 (219 SE2d 114) (1975).

(2) The Hammonds assert as error the allowance of testimony concerning contents of the will of the deceased. It was not error to admit this testimony, as similar evidence of other witnesses was admitted without objection. *Sikes v. Wilson,* 74 Ga. App. 415 (2) (39 SE2d 902) (1946). The Hammonds also contend that the admission of this testimony violated the best evidence rule, codified at Code Ann. § 38-203. The best evidence rule is inapplicable, as the content of the will was not in issue. *Springer v. State,* 238 Ga. 81 (230 SE2d 883) (1976); *Jones v. State,* 232 Ga. 771 (5) (208 SE2d 825) (1974).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 6, 1982.

*Heard, Leverett & Adams, E. Freeman Leverett,* for appellants. *John J. Andrews, Jr.,* for appellee.

---

[1] Testimony of the lessee that he had not paid anything for the lease, standing alone, is not sufficient to raise the issue of consideration for the purpose of appeal. Although the Hammonds filed a motion for judgment *non obstante veredicto,* this cannot be treated as raising the issue of consideration, as a motion for directed verdict is a prerequisite to such a motion. *Kiser v. Kiser,* 101 Ga. App. 511 (114 SE2d 397) (1960). "Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 30 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; . . ." Code Ann. § 81A-150 (b).