41724. COHRAN v. CARLIN et al.
(331 SE2d 523)

BELL, Justice.
This is an appeal from a judgment awarding compensatory and punitive damages. The procedural history of the case is quite complex, involving several reassignments of trial judges[1] and numerous

---

[1] When the action was filed a Cobb superior court judge was assigned under the rotation system, but Cohran moved for the case to be assigned to another judge. The chief judge of the circuit assigned a senior judge to hear this motion. On October 23, 1979, this senior judge assigned the case to himself. He disqualified himself on January 7, 1981, citing a heavy caseload as the reason for his disqualification. The case was placed back on the rotation system, resulting in the case again being assigned to the same superior court judge as when the case was originally filed. Cohran again moved that the case be reassigned, and the parties agreed to have the case assigned to a second senior judge. On April 14, 1981, the chief judge of the circuit (a successor to the original chief judge) assigned the case to this second senior judge, who eventually dismissed Cohran's defensive pleadings as a sanction for failure to comply with discovery orders. On July 20, 1982, this senior judge recused himself from the case. On August 31, 1982, the chief judge assigned the case to another judge. That judge directed the case through pre-trial and trial proceedings and entered final judgment.

superior court hearings and interlocutory appeals. In order to lay the foundation for consideration of this appeal, it is necessary to first summarize the relevant aspects of the case history, especially the discovery proceedings. Although this opinion may be to some extent repetitive of earlier opinions in this case, we deem it helpful to consolidate in this manner.

This suit arose from the attorney-client relationship between Larry Cohran, defendant-appellant, and Stan Carlin and his wife, plaintiffs-appellees. On March 29, 1979, Stan Carlin was arrested by federal authorities for allegedly stealing one million dollars from Brown & Root, Inc. under a check fraud scheme.[2] Appellees sought Cohran's services, and on April 2 they and Cohran entered into a written employment contract. This written contract provided that the Carlins would pay Cohran a flat fee of one million dollars. The contract provided further that Cohran would represent Stan Carlin on the criminal charges, and would represent the Carlins for one year in any matters arising out of transactions between the Carlins and Brown & Root. After signing the contract the Carlins transferred title to money, real estate and a gun collection to Cohran. Two months later the Carlins terminated the attorney-client relationship and requested Cohran to reconvey their property, but he refused.

The Carlins filed this suit on August 23, 1979, seeking damages for wrongful conversion of their property (including attorney fees for bad faith) and compensatory and punitive damages for legal malpractice and tortious fraud. The Carlins alleged that the written employment contract was a sham, the true contract having been a contemporaneous oral contract which provided that the Carlins would pay Cohran $60 per hour in attorney fees for representing Stan Carlin on the criminal charges and for assisting the Carlins in hiding their assets from Brown & Root. The Carlins asserted that Cohran had orally agreed to withdraw money from their bank accounts and immediately deliver it to them. The Carlins also asserted that by the terms of their oral contract Cohran was to record warranty deeds to their real estate in his name, but then reconvey to the Carlins by unrecorded warranty deeds, which they were to hold until litigation with Brown & Root ended.[3] The Carlins further asserted that under a similar term of

---

[2] Stan Carlin was convicted of five counts of interstate transportation of forged securities in violation of 18 USC § 2314 (1976). Carlin was sentenced and judgment was entered on October 30, 1979. This conviction was affirmed by the U. S. Court of Appeals for the Eleventh Circuit. *United States v. Carlin*, 698 F2d 1133 (11th Cir. 1983), cert. denied, 461 U. S. 958 (103 SC 2431, 77 LE2d 1317) (1983).

[3] Cohran filed suit on behalf of the Carlins against Brown & Root in a separate civil action in Cobb Superior Court to recover the remaining amount allegedly due from Stan Carlin's sale of mineral rights to Brown & Root. That case was removed to federal district court by Brown & Root.

their oral agreement Cohran was supposed to secretly return their gun collection.

On October 22, 1979, Cohran filed his answer;[4] a counterclaim for breach of the written employment contract and fraud; and a third-party complaint against the Carlins' attorneys.[5] In his pleadings Cohran outlined his own version of his April 1979 negotiations with the Carlins. He maintained that the only contract between the parties had been the written employment contract, and that the Carlins transferred the money and property to him as partial payment of his attorney fees. Cohran asserted that Stan Carlin had told him that Carlin had an enforceable contract with Brown & Root to sell mineral rights to Brown & Root for sixteen million dollars and that Carlin had already received one million dollars under that contract. Cohran attempted to justify his one-million-dollar fee by alleging that it included representation of the Carlins against Brown & Root in the separate suit to recover the remaining fifteen million dollars under the mineral rights contract. See fn. 3, supra.

On August 23, 1979, the Carlins served Cohran with a notice to produce documents and to depose. On October 2, 1979, Cohran moved to quash the notices, and also sought a protective order. A hearing on October 18, 1979, resulted in an order requiring Cohran to produce certain documents and submit to a deposition. The Carlins subsequently moved to compel discovery and impose sanctions, alleging Cohran had not complied with the order. During the December 10, 1979, hearing of this motion, Cohran was orally directed to produce documents and submit to a deposition. One week later Cohran submitted to the taking of his deposition, but he refused to produce documents or answer approximately 90 questions, and on May 19, 1980, the Carlins filed their second motion to compel discovery and impose sanctions.

On May 4, 1981 (after considerable delay involving reassignment of the case to another judge, see fn. 1, supra), a hearing was held which resulted in orders for Cohran to produce a specific list of documents and to answer 71 of the approximately 90 questions which he had failed to answer at the December 17, 1979, deposition. Cohran was further ordered to comply with these orders before May 10, 1981. In addition, Cohran's third-party complaint was dismissed, from which dismissal he filed a notice of appeal on May 8, 1981.

On May 20, 1981, the Carlins filed their third motion to compel discovery and impose sanctions, asserting that Cohran had not pro-

---

[4] The superior court had granted Cohran an additional thirty days to respond to the complaint.

[5] Those attorneys also served as counsel for the Carlins in other litigation related to this case.

duced documents and answered questions as ordered. This motion was argued at a hearing on June 15, 1981. Cohran asserted at this hearing that he had not complied with the May 4 discovery order because he believed that a supersedeas was in effect due to his notice of appeal filed on May 8. The court did not accept this defense, and issued an order holding Cohran in contempt and striking Cohran's "defensive pleadings" on the ground that Cohran had wilfully failed to comply with the May 4 discovery orders. See OCGA § 9-11-37 (b). That same day Cohran filed a notice of appeal from the imposition of sanctions.

In *Cohran v. Jones*, 160 Ga. App. 761 (288 SE2d 80) (1981), the Court of Appeals dismissed Cohran's appeal of the dismissal of his third-party complaint. We initially granted certiorari but subsequently dismissed the writ. *Cohran v. Carlin*, 249 Ga. 510 (291 SE2d 538) (1982).

In *Cohran v. Carlin*, 160 Ga. App. 762 (288 SE2d 81) (1981), the Court of Appeals considered whether the trial court retained jurisdiction to impose sanctions after Cohran filed his May 8, 1981, notice of appeal in *Cohran v. Jones*, supra, 160 Ga. App. The Court of Appeals answered this question affirmatively, holding that Cohran's appeal in *Cohran v. Jones* had not served as a supersedeas. We granted certiorari and affirmed. *Cohran v. Carlin*, supra, 249 Ga.

When the remittitur affirming the contempt order was returned to the trial court, Cohran was redeposed and answered most of the previously unaddressed 71 questions. However, Cohran refused to answer some 15 questions and moved to discharge the contempt order, relying for the first time on his Fifth Amendment privilege. This motion was denied and he appealed the Fifth Amendment issue. The Court of Appeals affirmed, holding that Cohran had waived the Fifth Amendment privilege by his failure to invoke it in a timely and proper fashion, *Cohran v. Carlin*, 165 Ga. App. 141 (297 SE2d 54) (1983), and this court denied certiorari, see 165 Ga. App. 895 (1982).

On November 15, 1982, a pre-trial order was entered declaring the case in default and limiting the issues for trial to damages. The jury verdict and subsequent judgment were for the Carlins, awarding $45,007 in compensatory damages, $19,949 as interest, $75,000 as attorney fees, and $1,000,000 as punitive damages. The judgment also voided the deed from the Carlins to Cohran. The instant appeal is from that judgment.[6] We affirm.[7]

---

[6] The verdict was returned and filed June 16, 1983. Judgment on the verdict was entered June 23, 1983, nunc pro tunc to June 16. On June 22 Cohran had filed a motion jnov, which was heard November 21 and denied December 7, 1983. Cohran filed his notice of appeal January 6, 1984. The court reporter certified the transcript on September 30, 1984. The clerk of the court certified the record on October 16, 1984, and the appeal was docketed in this

584

1. The first issue we address is the imposition of sanctions by the trial court. Cohran contends that his refusal to comply with the May 4, 1981, discovery order was justified on three grounds: (a) the Carlins' alleged failure to arrange for the taking of Cohran's deposition during the ordered time; (b) objections, based on claims of privilege and other grounds, to the deposition questions he refused to answer; and (c) his belief that his appeal of the May 4, 1981, order granting the third-party motion to dismiss acted as a supersedeas which rendered the subsequent discovery proceedings a nullity. However, we find that these contentions are patently fatuous.

a. As to the first ground, a review of the record reveals that Cohran has raised this issue for the first time in this appeal. Since this argument was not raised below, it will not be considered here. *Hammond v. Paul,* 249 Ga. 241 (1) (290 SE2d 54) (1982); *Sawyer v. C & S Nat. Bank,* 164 Ga. App. 177, 183 (296 SE2d 134) (1982); *Carter v. Pruitt,* 235 Ga. 204 (219 SE2d 114) (1975).

Furthermore, this ground must be deemed abandoned pursuant to our Rule 45, as Cohran provides no argument in support of it. See also *Wilkie v. State,* 153 Ga. App. 609 (1) (266 SE2d 289) (1980).

b. We likewise deem the second ground abandoned under Rule 45. Cohran asserted this ground in his original brief, but provided no argument therein to support it. Neither did he argue this enumeration in his oral argument. He first provided support for it in a post-oral argument supplemental brief, which he filed more than two months after the case was docketed in this court. Arguments asserted for the first time in a post-oral argument brief are untimely, and will not be considered. *Savage v. Savage,* 234 Ga. 853, 856 (218 SE2d 568) (1975); *Savage v. Savage,* 238 Ga. 16 (2) (230 SE2d 851) (1976).[8]

Moreover, we find that Cohran's objections to the deposition questions have already been reviewed adversely to him, and are therefore law of the case. *Cohran v. Carlin,* supra, 165 Ga. App.[9]

c. Cohran's treatment of his third ground also fails to comply with Rule 45. As with his second ground, he did not argue this ground

court on November 15, 1984. We heard oral arguments January 21, 1985.

[7] We initially affirmed without opinion pursuant to Supreme Court Rule 59. On motion for rehearing we vacate that disposition, and substitute the instant opinion.

[8] The relevant portions of both *Savage* appeals were determined under former Supreme Court Rule 18 (c) (2), which was found at 226 Ga. 905, 914 (effective July 1, 1971), and 235 Ga. 861, 876 (effective December 1, 1975). Our present Rule 45, 252 Ga. A-1, A-9 (effective July 1, 1984), is essentially identical to former Rule 18 (c) (2).

[9] Cohran asserts, without elaboration, that our appellate courts have thus far failed to consider his objections. We are at a loss to understand this contention, since they clearly have been considered, but we can speculate that Cohran's assertion is simply another way of saying that he is dissatisfied with the interlocutory opinions of this court and the Court of Appeals. Mere dissatisfaction, of course, is not a sufficient reason to overturn a prior ruling by an appellate court.

in his original brief or during his oral argument, only raising it for the first time in his post-argument brief. It is therefore untimely, and is deemed abandoned. *Savage v. Savage,* supra, 234 Ga. In addition, it is clearly without merit, since Cohran's reliance on his appeal in *Cohran v. Jones,* supra, 161 Ga. App., as supersedeas was previously held by this court to be incorrect. *Cohran v. Carlin,* supra, 249 Ga.

2. The next issue we address is whether the term "defensive pleadings" as used in the June 15, 1981, order encompasses Cohran's counterclaim. Cohran contends that the striking of his "defensive pleadings" did not include his counterclaim, and that the trial court erred in refusing to allow him to go forward with that pleading at trial. The Carlins respond that the counterclaim was in fact stricken by the June 15 order.

We find that Cohran waived this objection in the superior court. At the beginning of trial the Carlins moved in limine to prevent Cohran from introducing evidence or argument as to issues contained in the counterclaim. One of the bases for their motion was that the counterclaim had been one of the pleadings stricken by the trial court. Cohran's counsel objected to the motion in limine (which was granted over his objection) on other grounds, but omitted to address the issue which he now urges on appeal.

3. Several of Cohran's enumerations of error consist of contentions that the superior court erroneously refused to permit him to pursue certain defenses at trial. Those defenses included his arguments that the oral contract is illegal, immoral, and contrary to public policy; that the Carlins should not have been permitted to use parol evidence to negate the unambiguous written contract of employment; and that the Carlins' own pleadings constitute an admission of fraudulent conduct which should have estopped them from obtaining a favorable judgment on their claims. We find no error.

Pretermitting any consideration of the merits of these defenses, we find that the threshold issue is whether, in the face of having suffered default, Cohran should have been permitted to present any defense which might have tended to defeat the Carlins' right of recovery. The answer is clearly in the negative. The rule is that a defendant in default "is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged." *Flanders v. Hill Aircraft &c. Corp.,* 137 Ga. App. 286, 287 (223 SE2d 482) (1976) (Marshall, Judge, now Presiding Justice). The default concludes the defendant's liability, and estops him from offering any defenses which would defeat the right of recovery. Id. at 287-88. Accord *Hazzard v. Phillips,* 249 Ga. 24 (2) (287 SE2d 191) (1982); *Perrin v. Kilgore,* 158 Ga. App. 300, 301 (1) (279 SE2d 714) (1981). All of the defenses in question — public policy, clean hands, etc. — are attempts to contest the merits of the case.

Cohran was therefore estopped from presenting them at trial, and the superior court properly limited the trial to the issue of damages.

4. In several enumerations Cohran asserts various contentions concerning the damages awarded by the jury. For example, in his fiftieth enumeration he contends that the award of one million dollars in punitive damages "was clearly excessive and was the result of bias and prejudice toward the appellant." However, as with so many of his other enumerations, Cohran has failed to support these enumerations of error with argument or citation of authority, and they must be deemed abandoned. Supreme Court Rule 45.[10]

5. The remainder of appellant's enumerations of error are either abandoned or clearly without merit.

For all the reasons stated above, we affirm the judgment.

*Judgment affirmed. All the Justices concur, except Gregory, J., who concurs in the judgment only, and Smith, J., who dissents as to Division 4 and the judgment.*

SMITH, Justice, dissenting.

The Carlins base their complaint upon a fraud and an admitted "sham" that they instigated. They allege that they created a phony contract with Cohran in order to defraud creditors, and that they subsequently carried their fraudulent transaction further by transferring various assets to Cohran. Cohran should not need to present a defense to the Carlins' claims. The claims are based upon fraud, and the complaint should accordingly be seen as worthless on its face, regardless of any defense that Cohran might have presented.

Would the court sanction a like lawsuit by one bank robber against his partner for the proceeds of their endeavors if the defendant were "on the lam" or in a distant prison? The court, in this case does not hold attorneys to a higher standard than any other person. The court simply lowers the burden for legal malpractice plaintiffs.

DECIDED JUNE 19, 1985 —
REHEARING DENIED JULY 23, 1985.

*Fletcher Thompson*, for appellant.
*Larry Cohran*, pro se.
*Jones, Ludwick & Malone, Taylor W. Jones, Trotter,*

---

[10] Our affirmance of the jury's award of damages in this case rests solely upon Rule 45. It is not, and should not be construed as, legal or physical precedent for future awards of this type or magnitude.

*Bondurant, Miller & Hishon, M. Jerome Elmore, Mitchell A. Gross,* for appellees.