## 34250. FOWLER v. STRICKLAND.

MARSHALL, Justice.

The appellant taxpayer is engaged in the retail sale of tangible personal property. He is classified as a "dealer" under the Georgia Retailers' and Consumers' Sales and Use Tax Act (Ga. L. 1951, pp. 360, 362; Code Ch. 92-34A). See Code Ann. § 92-3404a. (Citations to the Sales and Use Tax Act will be given by Code section.)

In 1968, the appellant ceased collecting sales taxes and remitting them to the state.[1] He also ceased filing tax returns.[2] An audit investigation by the appellee State Revenue Commissioner was later begun, but the appellant refused to provide the commissioner with any of his business records.[3] The commissioner then served on the taxpayer notices to produce his business records, but he refused to respond to these either.

Based on all the available information, the commissioner then made an estimate of the taxpayer's sales tax liability for the taxable period,[4] and an assessment for unpaid sales taxes based on this estimate was served on the taxpayer. He did not appeal this

[1]This was in violation of Code Ann. §§ 92-3402a (a) and 92-3405a.

[2]This was in violation of Code Ann. § 92-3424a.

[3]This was in violation of Code Ann. § 92-3428a.

[4]The commissioner was authorized to do this, either

assessment, and the commissioner issued a tax fi. fa. and began levying on the taxpayer's bank accounts.[5] The taxpayer then filed an affidavit of illegality in superior court,[6] which was traversed by the commissioner. The case proceeded to a trial without a jury, and a judgment was entered in favor of the commissioner. The taxpayer appeals.

1. In the first four enumerations of error, the taxpayer argues that the commissioner failed to carry his burden of proving the number of retail sales made by the taxpayer during the taxable period. The taxpayer argues that it was necessary to prove this in order to establish his sales tax liability.

"In the event any dealer fails to make a report and pay the tax as provided by this Chapter, or in case any dealer makes a grossly incorrect report, or a report that is false or fraudulent it shall be the duty of the commissioner to make an estimate for the taxable period of retail sales of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed [in] this State and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessments, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer." Code Ann. § 92-3427a. See also Code Ann. § 92-3432a.

The effect of the language of the previously quoted

---

under Code Ann. § 92-3432a or Code Ann. § 92-3427a.

[5]The commissioner was authorized to do this under Code Ann. § 92-3432a, supra.

[6]Code Ann. § 92-7301 authorizes a taxpayer to test the legality of a tax which is allegedly due by filing an affidavit of illegality. This is one of four available procedures under which a taxpayer in this state can contest his liability for state taxes. See Harrold, A Practical Guide to State Tax Practice, 15 Ga. St. Bar J. 74 (Oct., 1978).

statute is to shift to the taxpayer the burden of going forward with evidence to dispute the correctness of an assessment made thereunder. *Hawes v. Foster,* 118 Ga. App. 296 (163 SE2d 351) (1968) and cits. It has also been held that where a taxpayer attacks the legality of a tax levy by affidavit of illegality, the revenue commissioner makes out a prima facie case by introducing the tax fi. fa., and the burden of going forward with evidence shifts to the defendant in fi. fa. *Dept. of Revenue v. Stewart,* 67 Ga. App. 281 (4) (20 SE2d 40) (1942).

Thus, we find that the commissioner carried his burden of proof by producing the tax fi. fa. and assessment, and since the taxpayer failed to come forward with evidence disputing the correctness of the assessment or attacking the levy, we hold that the commissioner was entitled to a judgment. We therefore find these enumerations of error to be without merit.

2. In the fifth enumeration of error, the appellant complains of the overruling of his motion to disqualify the trial judge.

At the hearing on the motion to disqualify the trial judge, the appellant alleged that the trial judge should disqualify himself because, at the calendar call of the case, the judge had stated that the appellant was in serious trouble and that he would have to prove that he would not owe any taxes. The appellant also alleged that the trial judge, in his previous capacity as solicitor, had prosecuted the appellant in a criminal case.

Neither of these alleged grounds was sufficient to require the trial judge to disqualify himself. See *Savage v. Savage,* 238 Ga. 16 (230 SE2d 851) (1976) and *Clenney v. State,* 229 Ga. 561 (192 SE2d 907) (1972). We find these enumerations of error to be without merit.

3. In the sixth enumeration of error, the appellant argues that the Sales and Use Tax Act is unconstitutional as applied to him. He argues that the failure to give him notice and an opportunity to be heard prior to issuance of the tax fi. fa. and subsequent levy on his bank accounts violates the due process clause of the Fourteenth Amendment. As authority for this argument, the appellant cites Sniadach v. Family Finance Corp., 395 U. S. 337 (89 SC 1820, 23 LE2d 349) (1969) and its progeny.

We find this argument to be without merit.

The constitutionality of the tax collection procedures provided for in the Sales and Use Tax Act has been sustained in *Gainesville-Hall County Economic Opportunity Organization v. Blackmon,* 233 Ga. 507 (212 SE2d 341) (1975). In the *Gainesville* case, this court noted that under Fuentes v. Shevin, 407 U. S. 67 (92 SC 1983, 32 LE2d 556) (1972), the seizure of property by the government for the collection of taxes constitutes one of those "extraordinary situations" justifying postponement of notice and hearing until after the property has been seized.

4. In the final enumeration of error, the appellant argues that the trial court erred in denying his request for a jury trial.

It is under the authority of Code Ann. § 92-7301 that a taxpayer may obtain a hearing in superior court on the question of whether a tax is legally due by filing an affidavit of illegality to the tax execution. It has been held in *Hicks v. Stewart Oil Co.,* 182 Ga. 654 (186 SE 802) (1936) that there is no right to a jury trial in such a proceeding. We therefore find this final enumeration of error to be without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 20, 1978 — DECIDED JANUARY 24, 1979.

*Wilson & Rigdon, Jim L. Wilson, Fred W. Rigdon, Jr.,* for appellant.

E. L. Fowler, *pro se.*

*Arthur K. Bolton, Attorney General, David A. Runnion, Assistant Attorney General,* for appellee.