### 36249. KING v. THE STATE.

PER CURIAM.

King, the former mayor of Mountain View, appeals his conviction on Count II of an indictment for bribery and a three-year

sentence. He was charged with receiving money from the proprietor of the Country Western Lounge to allow it to remain open beyond 3:00 a.m. contrary to a Mountain View ordinance. He enumerates 14 errors. We reverse.

1. There is no merit to appellant's contention in his first enumeration of error that the indictment fails to allege an offense. *Humphrey v. State,* 231 Ga. 855, 860 (204 SE2d 603) (1974).

2. Appellant attacks the constitutionality of the criminal statute setting forth the crime of bribery, Code Ann. § 26-2301,[1] arguing that sub-section (2) of that act does not set forth a criminal purpose and makes all conduct criminal, whether private or related to the function of a government office. He argues subsection (2) must be considered apart from the rest of the statute, and when so considered, it violates constitutional safeguards.

Sub-section (2) must be read in *pari materia* with the rest of the act. Sub-section (1) clearly makes it a crime to "give or offer to give" to one clothed with governmental authority any benefit, reward or consideration to which he is not entitled, with the purpose of influencing him in the performance of any act related to the functions of his office or employment. Sub-section (2) clearly continues the statement begun in sub-section (1) and makes the crime equally applicable to those clothed with the governmental authority to "solicit or receive" any *such* benefit, reward or consideration.

A fundamental requirement of a criminal statute is that it gives "fair warning" of what conduct is criminal. Further, it must not be so vague, uncertain or ambiguous as to make it improbable that ordinary people of equal intelligence could misconstrue its meaning. Bribery is a well-known word, used widely and understood generally. Its ordinary signification may mean an " 'act of influencing the action of another by corrupt inducement.' Merriam-Webster's New International Dictionary (2nd Ed., Unabridged) ... [A]s a legal word of art, [it] is somewhat broader to include 'offering, giving, receiving, or soliciting of anything of value to influence action as (an) official or

---

[1] "A person commits bribery when:

(1) He gives or offers to give to any person acting for or on behalf of the State or any political subdivision thereof or of any agency of either, any benefit, reward, or consideration to which he is not entitled with the purpose of influencing him in the performance of any act related to the functions of his office or employment; or

(2) Acting for or on behalf of the State or any political subdivision thereof or of any agency of either, he solicits or receives any such benefit, reward, or consideration.

A person convicted of bribery shall be punished by a fine of not more than $5,000, or by imprisonment for not less than one nor more than 20 years, or both." Code Ann. § 26-2301.

in discharge of (a) legal or public duty'. Black's Law Dictionary (4th Ed.)." *Ansley v. State,* 124 Ga. App. 670, 672 (185 SE2d 562) (1971).

The statute is not unconstitutionally vague. Further, the words, "benefit, reward or consideration" all relate to "thing of value" and to meet constitutional standards, need not be specifically defined in the act. Enumeration 2 is without merit.

3. Appellant concedes that a municipality may be made a "political sub-division of the state" by statute. It may also be so designated by constitutional amendment. Thus, his claim of error that Code Ann. § 26-2301, Bribery, is not applicable to the mayor of Mountain View because a municipality under the criminal statutes is not a political sub-division of the state, is without merit. See Art. IX, Sec. IV, Par. II, Const. of Ga. of 1976; Code Ann. § 2-6102, Supplementary Powers, where the language of the constitution specifically categorizes counties and municipalities as "political subdivisions" for the purposes of achieving self-government. See also Code Ann. Ch. 69-10, Home Rule. Enumeration 3 is without merit.

4. There is no merit to appellant's claim that his motion for directed verdict of acquittal notwithstanding mistrial after a previous trial where the jury could not reach a verdict and motion for directed verdict at the close of the evidence upon retrial were erroneously denied. These enumerations argue there was no language in the ordinance requiring the lounges to "close" at 3:00 a.m. We conclude the language of the ordinance prohibits lounges from selling alcoholic beverages between the hours of 3:00 a.m. and 9:00 a.m. each morning. It also permitted an extra hour to clear the premises of its patrons following the close of the bar. The use of the word "close" in the indictment (Count II), though not found in the ordinance, clearly has that meaning and was not prejudicial in any manner to appellant. Enumerations 9 and 12 are without merit.

5. The State in its brief correctly shows, contrary to appellant's contention, that the charter of the City of Mountain View, in Section 6, provides for the enforcement of the city laws as a function of the office of the mayor and council. There is no merit to Enumeration 13.

6. Appellant claims the court erred in failing to charge the jury as to the significance of the "immunity" granted to William Burrell Smith and Al Crass, alleged co-conspirators in the bribery scheme, whose testimony the State relied upon for conviction of appellant under Count II.

There was no error in the absence of a written request to charge on this point where the court otherwise notified the jury that the witnesses were testifying under a grant of immunity. Further, the court did not abuse its discretion in denying an oral request to charge on this point.

7. It was error for the trial judge to refuse to disqualify himself. The commentary following Canon 2 of the Georgia Code of Judicial Conduct explains that a judge "must avoid all impropriety and appearance of impropriety." 231 Ga. A-2; *Ferry v. State,* 245 Ga. 698 (267 SE2d 1) (1980). Canon 3.C.(1) provides that "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: . . . (b) he served as a lawyer in the matter in controversy . . ." 231 Ga. A-5; *Scogin v. State,* 138 Ga. App. 859, 861 (2) (227 SE2d 780) (1976). "We interpret the word 'should' to mean 'shall' in the context of this requirement." *Savage v. Savage,* 234 Ga. 853, 856 (218 SE2d 568) (1975); *Savage v. Savage,* 238 Ga. 16 (2) (230 SE2d 851) (1976).

Furthermore, Code Ann. § 24-102 states that "No judge . . . of any court . . . shall . . . preside, act or serve, in any case or matter . . . in which he has been of counsel . . . without the consent of all parties in interest. . ." Although we have held that it is not grounds for disqualification that a judge in his previous capacity as district attorney prosecuted the defendant on another charge (*Fowler v. Strickland,* 243 Ga. 30, 32 (2) (252 SE2d 459) (1979)), we also are of the opinion that the Court of Appeals was correct in concluding that the words "of counsel" should not "be so restricted as to include only representation in a suit or proceeding in court, since this statute, though in derogation of the common law, is yet remedial, and therefore should be given a liberal construction so as to effect the intent of the legislature." *Scogin v. State,* supra, at p. 861.

In an effort to avoid so much as an appearance of partiality, federal courts have held that a United States District Attorney is "of counsel" in all criminal "cases" brought within his district for purposes of the federal statute requiring a federal judge to disqualify himself in any "case" in which he has been "of counsel." Barry v. United States, 528 F2d 1094 (7th Cir. 1976). The federal statute, 28 USC § 455, refers to involvement in a "case." Code Ann. § 24-102 refers to "any case or matter." We agree with the policy behind those federal cases and hold that a Georgia district attorney is of counsel in all criminal cases or matters pending in his circuit. This includes the investigatory stages of matters preparatory to the seeking of an indictment as well as the pendency of the case. *Scogin v. State,* supra.

Applying the foregoing authorities to the facts of this case, we hold that the investigation of criminal activities in the county, including those of the defendant, conducted by the G.B.I. under authorization from the trial court judge during his former tenure as district attorney was a "matter" in which he "served as a lawyer" within the meaning of Canon 3.C.(1), and "in which he has been of counsel" within the meaning of Code Ann. § 24-102. No suggestion is

made by this court of any actual impropriety on the part of the trial court judge. The fact that his impartiality "might reasonably be questioned" suffices for his disqualification.

8. The remaining enumerations of error relate to the evidence and need not be considered since the case must be reversed for the reasons stated in Division 7.

*Judgment reversed. All the Justices concur, except Undercofler, C. J., and Nichols, J., who dissent as to Division 7 and the judgment.*

SUBMITTED MAY 16, 1980 — DECIDED
SEPTEMBER 23, 1980.

*Paul S. Weiner,* for appellant.

*Robert E. Keller, District Attorney, James W. Bradley, Assistant District Attorney,* for appellee.

*Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* amicus curiae.