# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 11, 2001

## STATE OF TENNESSEE v. MARGO ELLIS

**Direct Appeal from the Circuit Court for Henderson County**
**No. 97-251B      Donald Allen, Judge**

---

**No. W2000-02242-CCA-R3-CD  - Filed July 19, 2001**

---

The Appellant, Margo Ellis, appeals from the Henderson County Circuit Court's judgment revoking her sentence of community corrections. Following revocation, Ellis' three-year sentence was ordered to be served in the Department of Correction. At the time of Ellis' indictment and on the date her guilty plea was entered, the trial judge who presided at Ellis' revocation hearing was employed as an assistant district attorney in the same office that prosecuted Ellis. On appeal, Ellis raises one issue for our review: Whether "the trial court erred by neglecting to disqualify himself from presiding over [her] revocation hearing." After review, we find no error and affirm the trial court's judgment.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Christina M. Nordman, Assistant Public Defender, Jackson, Tennessee, for the Appellant, Margo Ellis.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Elizabeth B. Marney, Assistant Attorney General, Bill Martin, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

In October of 1998, the Appellant pled guilty to one count of aggravated burglary and was sentenced to three years community corrections with "eligibility for post-plea expungement."[1] When the Appellant and other co-defendants were indicted on burglary and related charges in 1997, Bill Martin, an assistant district attorney general for the 26th Judicial District, was assigned to prosecute the case. During this time period, Donald Allen was also employed as an assistant district attorney general for the 26th Judicial District. In August of 1999, the Honorable Donald Allen was elected as a Circuit Judge for the 26th Judicial District, which includes the counties of Henderson, Madison and Chester.

On August 10, 2000, a community corrections revocation hearing was conducted by Judge Allen. At the conclusion of the hearing, the trial court found that the Appellant had failed to make restitution payments as ordered, had failed to verify employment, and had failed to report a shoplifting arrest. Based upon these violations, the trial court ordered that the Appellant's placement in community corrections be revoked and that her original sentence of three years be served in the Department of Correction.

**ANALYSIS**

The Appellant contends that Judge Allen's prior employment with the district attorney's office generated a conflict of interest when Judge Allen neglected to recuse himself from her case. The Appellant's argument is two-fold:

First, she argues that Judge Allen's participation as a judge in the revocation proceeding violated Art. VI, § 11 of the Tennessee Constitution, which reads in relevant part as follows:

> No judge of the Supreme or Inferior Courts shall preside on the trial of any cause in the event of which he may be interested . . . or <u>in which he may have been of counsel</u> . . . except by consent of all the parties.

(Emphasis added). In <u>State v. Warner</u>, 649 S.W.2d 580, 581 (Tenn. 1993), our supreme court held that constitutional disqualification is limited by its very language to the *cause on trial* and does not include prior concluded trials or guilty plea convictions. *See also* <u>State v. Collins</u>, No. 274 (Tenn. Crim. App. at Knoxville, June 5, 1991), *perm. to appeal denied*, (Tenn. at Knoxville, Dec. 2, 1991). In this case, the Appellant pled guilty in 1998 to one count of aggravated burglary. As such, there

---

[1] We are constrained to note that no such sentence is authorized under our sentencing laws. The hybrid sentence contains aspects of community corrections, probation, and judicial diversion. Expungement is available only within a grant of pre-trial or judicial diversion, however, under our judicial diversion statute, no guilty plea is entered as the proceedings are deferred for a period of time not to exceed the maximum sentence for the indicted offense. Tenn. Code Ann. § 40-35-313 (a)(1). In this case, the sentence was imposed immediately following entry of the guilty plea. No reference to judicial diversion is contained on the judgment of conviction form.

is no constitutional disqualification issue and the Appellant's argument is without merit. Moreover, we would note that, in the absence of direct involvement by a prosecutor in the case, the words "of counsel" have generally been construed to apply only to the chief prosecutor of the district, *i.e.*, the elected district attorney or the United States Attorney. *See* Barry v. United States, 528 F.2d 1094 (7th Cir. 1976) and King v. State, 271 S.E.2d 630, 633 (Ga. 1980). The distinction is recognized between the district attorney and the assistant as it is the district attorney who is charged with the overall responsibility for the conduct of the case.

Second, the Appellant argues that Judge Allen should have *sua sponte* disqualified himself from the judicial proceeding as his participation as trial judge violated Rule 10, Canon 3(E)(1) of the Tennessee Supreme Court Code of Judicial Conduct, which reads in part as follows:

A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might be reasonably questioned, including but not limited to instances where:

(a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(b) the judge served as a lawyer in the matter in controversy.

The commentary to this section provides as follows:

[a] lawyer in a government agency does not ordinarily have an association with other lawyers employed by that agency within the meaning of Section E(1)(b); a judge formerly employed by a government agency, however, should disqualify himself . . . . in a proceeding if the judge's impartiality might reasonably be questioned because of such association.

It is elementary that judges must disqualify themselves from cases in which they were personally involved before they were elected. Conversely, a judge need not disqualify himself or herself from hearing a criminal matter which was pending at the time when he or she served as an assistant district attorney in the same judicial district, if the judge neither reviewed, personally prosecuted, nor had any direct involvement in the case. If the former prosecutor, now judge, was "of counsel," within the meaning of Article VI § 11 of our state constitution or within the meaning of Rule 10, Canon 3(E)(1)(b) of the Tennessee Supreme Court Code of Judicial Conduct, and had direct involvement in the case, then consent of the parties and, as a practical matter, a written waiver of a right to disqualification should be executed. Consent of the parties is obtained by following the procedure outlined in Rule 10, Canon 3(F) of the Tennessee Supreme Court Code of Judicial Conduct:

A judge disqualified by the terms of Section 3E may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider,

out of the presence of the judge, whether to waive disqualification. If following disclosure of any basis for disqualification other than personal bias or prejudice concerning a party, the parties and lawyers, without participation by the judge, all agree that the judge should not be disqualified, and the judge is then willing to participate, the judge may participate in the proceeding. The agreement shall be incorporated in the record of the proceeding.

The record reflects that at the hearing, the Appellant never moved to disqualify nor entered an objection to Judge Allen presiding over her revocation hearing. Additionally, the record is devoid of any evidence indicating personal bias toward the Appellant or that the trial judge ever served as a lawyer "in the matter in controversy." Because we find no reason to question the trial judge's impartiality, we accordingly find no grounds for disqualification. Moreover, the issue of whether Judge Allen should have been disqualified from presiding over the hearings was raised for the first time on appeal to this court. The Appellant clearly had the opportunity to object to Judge Allen's participation in the hearing. We find that the Appellant may not now raise that issue when she "failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error" in the proceedings below. Tenn. R. App. P. 36(a). Judge Allen proceeded to hear the case on its merits in the absence of any objection from the Appellant who merely "awaited an unfavorable ruling before raising the issue on appeal." *See* State v. Oden, No. 01C01-9710-CC-00468 (Tenn. Crim. App. at Nashville, Dec. 7, 1998). As such, we also find that the issue is waived. Tenn. R. App. P. 36(b); Tenn. R. Crim P. 52(a).

## CONCLUSION

In view of the foregoing reasons, we find that the trial judge was neither constitutionally nor ethically disqualified, based upon his position as a former assistant district attorney general, to preside over the Appellant's revocation proceeding. Accordingly, the judgment of the Henderson County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE