S10A1748. GUDE v. THE STATE.

(709 SE2d 206)

BENHAM, Justice.

Frederick Lee Gude has been indicted for murder and related crimes. The State moved the trial judge, Judge Marvin Arrington, to

recuse himself. Judge Arrington referred the State's motion to recuse to the Chief Judge for the appointment of another judge to hear the matter. See Uniform Superior Court Rule ("USCR") 25.3. After Judge Kimberly M. Esmond Adams was appointed to hear the State's motion to recuse Judge Arrington, Gude moved Judge Adams to recuse herself. Gude's motion to recuse set forth the following pertinent allegations: (1) Judge Adams previously served as "a paid senior prosecutor in the major felony division" of the district attorney's office that indicted Gude "at the time of [Gude's] arrest, indictment, and/or prosecution"; (2) "Judge Adams was an employee prosecutor of District Attorney Paul Howard," the prosecutor who had filed the motion to recuse Judge Arrington; (3) "District Attorney Paul Howard gave financial and/or other support to the campaign to elect Judge Adams"; and (4) "Judge Adams owes a debt of gratitude to Paul Howard for her years as a prosecutor during the time [Gude] was being prosecuted." Judge Adams denied Gude's motion without referring the matter to another judge. For the reasons set forth below, we apply the right for any reason principle and affirm Judge Adams's denial of Gude's motion for her recusal, because Gude's motion failed to allege facts which, if assumed true, would require Judge Adams's recusal. However, we also remind Judge Adams of her ethical duty to recuse herself sua sponte if she is personally aware of any adequate grounds for doing so.

1. USCR 25.3 provides as follows:

> When a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted. If it is found that the motion is timely, [that] the affidavit [is] sufficient and that recusal would be authorized if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse. . . .

Id. In the order denying Gude's motion for her recusal, Judge Adams stated that Gude had

> failed to meet the legal standard of recusal by failing to present any viable evidence that this Court has demon-strated bias against [Gude], or will in the future, in presid-ing over the hearing to recuse Judge Arrington. Even assuming the allegations in counsel's affidavit were true, as

mandated by USCR 25, the motion and accompanying affidavit fall short of the mark.

We find that this reasoning fails to support the denial of Gude's motion. The necessity for recusal is not limited to circumstances where *actual* bias has been demonstrated. Instead, recusal is also required, under judicial ethics standards, whenever a trial judge's "impartiality *might reasonably be questioned." Birt v. State*, 256 Ga. 483 (4) (350 SE2d 241) (1986) (citation and punctuation omitted; emphasis in original). We find that Judge Adams's order unduly focused on whether she had or would demonstrate actual bias and that the order failed to address whether Gude's allegations, if assumed true, were such that Judge Adams's impartiality might reasonably be questioned.

2. Although we find fault in the reasoning of Judge Adams's order denying Gude's motion for her recusal, we need not reverse that ruling. As was noted above, a trial court may deny a motion to recuse, without referring the matter to another judge, if recusal would not be warranted even if the facts alleged in the motion are assumed to be true. We find that none of the specific allegations made in Gude's motion would require Judge Adams's recusal, even if assumed true.

(a) First, Gude alleged that Judge Adams had previously served as "a paid senior prosecutor in the major felony division" of the district attorney's office that indicted Gude "at the time of [Gude's] arrest, indictment, and/or prosecution." Under both statutory and ethical standards, a trial judge presiding over a criminal matter must recuse himself or herself if that judge previously served as a lawyer or counsel in the controversy at issue. *King v. State*, 246 Ga. 386 (7) (271 SE2d 630) (1980). This rule would obviously apply in Gude's case if Judge Adams, during her employment in the district attorney's office, had any actual involvement in any aspect of Gude's case, whether before or after indictment. However, Gude's motion to recuse Judge Adams did not allege that she ever had any such actual involvement in his case, and, therefore, Judge Adams did not err by not granting the motion on that particular basis. See USCR 25.1 (providing that a motion to recuse must "fully assert the facts upon which the motion is founded").

We have further held that "a Georgia district attorney is of counsel in all criminal cases or matters pending in his [or her] circuit" and, therefore, that a trial judge should not preside over a particular criminal matter that was addressed in any fashion by his or her office while he or she was serving as the district attorney. Id. This holding was based on the recognition that, even when a trial judge presiding over a particular criminal matter was never directly

involved in that same criminal matter while serving as the district attorney, an "appearance of partiality" is created based on the supervisory authority that a district attorney exercises over *all* cases in his or her office. Id. We believe that this rationale should also apply where a trial judge presiding over some aspect of a criminal matter previously served as a senior assistant district attorney with supervisory authority over any of the lawyers who had actual involvement in any aspect of that criminal matter, whether before or after indictment. Once again, however, Gude's motion to recuse did not specifically allege such facts, and, therefore, Judge Adams did not err by not granting the motion on that particular basis. Id.

The facts that Gude *did* specifically allege indicated, if assumed true, merely that Judge Adams had previously served within a particular division of the district attorney's office at the time that that division was involved in the earlier stages of Gude's criminal matter. It appears that we have never addressed a situation where a trial judge presiding over a criminal matter previously served in the same division of a district attorney's office as the lawyers who were actually involved in the criminal matter but where the judge was never personally involved in the criminal matter as a prosecutor and had no supervisory authority over the lawyers who had such personal involvement. Upon consideration of the parties' arguments and our review of case law from other jurisdictions, we hold that a trial judge presiding over a criminal matter who previously worked in a district attorney's office while that office was involved in some aspect of the same criminal matter need not recuse himself or herself unless the trial judge, while still a prosecutor, was personally involved in some aspect of the criminal matter or served in a supervisory role over another lawyer while that lawyer was personally involved in some aspect of the criminal matter. See, e.g., *People v. Julien*, 47 P3d 1194 (II) (A) (Colo. 2002) (collecting cases and holding that a judge presiding over a particular criminal matter need not recuse himself or herself unless he or she was personally involved in the criminal matter as a prosecutor or held a "supervisory role" over other lawyers involved in the criminal matter); Jay M. Zitter, Annotation, *Prior Representation or Activity as Prosecuting Attorney as Disqualifying Judge from Sitting or Acting in Criminal Case*, 85 ALR 5th 471 (2001); 6 LaFave, Israel, King and Kerr, *Criminal Procedure*, § 22.4 (c), pp. 169-174 (3d ed. 2007). Because Gude's motion to recuse did not specifically allege facts that, if assumed true, would demonstrate that Judge Adams, while still a prosecutor, ever had any such personal involvement or supervisory involvement in his criminal matter, Judge Adams did not err by not granting the motion on that particular basis. See USCR 25.1.

(b) Gude's motion to recuse also alleged that "Judge Adams had

been an employee prosecutor of District Attorney Paul Howard," that Judge Adams owed a debt of gratitude to Paul Howard for her prior employment, and that Paul Howard was the prosecutor who had filed the motion to recuse Judge Arrington. We hold that these allegations, if assumed true, would not require Judge Adams's recusal and, therefore, that Judge Adams did not commit reversible error by not granting Gude's motion to recuse based on this allegation. See id. (addressing the trial judge's previous employment by the prosecutor). See also, e.g., *Cheney v. United States Dist. Court*, 541 U. S. 913, 916 (II) (A) (124 SC 1391, 158 LE2d 225) (2004) (memorandum of Scalia, J.) ("But while friendship is a ground for recusal of a Justice where the personal fortune or the personal freedom of the friend is at issue, it has traditionally not been a ground for recusal where official action is at issue. . . .").

(c) Finally, Gude's motion to recuse alleged that "District Attorney Paul Howard gave financial and/or other support to the campaign to elect Judge Adams." Although a trial judge should recuse himself or herself from presiding over a case involving a party who has previously made an exceptionally-large campaign contribution, we hold that recusal is not required simply because the judge previously received *any* campaign contribution from a party. See *Patterson v. Butler*, 187 Ga. App. 740 (371 SE2d 268) (1988) (holding that the trial judge did not err by denying a motion to recuse that alleged, in part, that a defendant had previously worked on the judge's election campaigns). Compare *Caperton v. A. T. Massey Coal Co.*, 556 U. S. 868 (129 SC 2252, 173 LE2d 1208) (2009) (holding under "extreme facts," which included the fact of an exceptionally-large campaign contribution, that constitutional due process was violated by a trial judge's refusal to recuse himself). Because Gude's motion to recuse Judge Adams did not allege that she previously received any financial contribution impermissible under law or received any other specified form of exceptional support of her campaign that would require her recusal, we hold, applying the judicial ethics standards described above, that Judge Adams did not commit reversible error by not granting the motion to recuse based on this allegation. See USCR 25.1.

3. Although we hold that the facts specifically alleged in Gude's motion to recuse, if assumed true, would not require Judge Adams's recusal, we note that this holding does *not* indicate definitively that Judge Adams should not recuse herself sua sponte. A trial judge has an ethical duty to recuse himself or herself sua sponte anytime the judge is aware of grounds to do so. See *Phillips v. State*, 267 Ga. App. 733 (2) (601 SE2d 147) (2004) (acknowledging a trial court's duty to recuse sua sponte if there are grounds to do so).

*Judgment affirmed. All the Justices concur.*

Decided February 28, 2011 —
Reconsideration denied April 12, 2011.

*D. Lowell Thomas, Thomas M. West*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Lenny I. Krick, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Patricia Attaway Burton, Senior Assistant Attorneys General*, for appellee.