### S12A0906. LEVERETTE v. THE STATE.
(732 SE2d 255)

BENHAM, Justice.

In 2000, appellant David Leverette entered guilty pleas to charges arising from the malice murder of his wife and was sentenced to life imprisonment plus several terms of years to be served concurrently with each other and with the life sentence.[1] In June 2011, appellant filed a motion for out-of-time appeal which the trial court denied after holding a hearing. Leverette now appeals the denial of his motion for an out-of-time appeal. "[A]n appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record[,]" and the trial court's denial of a motion for out-of-time appeal is reviewed for abuse of discretion. *Brown v. State*, 290 Ga. 321 (1) (720 SE2d 617) (2012). We examine those assertions of error that can be resolved by facts appearing in the record.

1. Appellant contends he is entitled to an out-of-time appeal because, four days before appellant entered his guilty plea in 2000, the trial judge erroneously denied appellant's motion to recuse the trial judge. The record before us does not contain the motion to recuse, the supporting affidavit (see Uniform Superior Court Rule (USCR) 25), or the trial court's order denying the motion. However, the transcript of the hearing on the motion to recuse is in the appellate record and from it we discern that the motion asserted that the trial judge had a conflict of interest since he had served as the district attorney in 1990, when appellant was convicted of the predicate felony supporting the 2000 charge of being a convicted felon in possession of a gun.[2] The transcript also reveals that the trial judge declined to recuse himself, ruling that this case presented none of the statutorily-required grounds for judicial recusal found in OCGA §

---

[1] Appellant pled guilty to and was sentenced for the malice murder of his wife which occurred in front of three children, resulting in his guilty pleas to three counts of cruelty to a child. He also pled guilty to the aggravated assaults of two neighbors who came to the victim's residence upon hearing gunshots, to the aggravated stalking of the victim, and to burglary.

[2] This charge was dismissed upon entry of appellant's guilty pleas.

15-1-8 (a).[3] OCGA § 15-1-8 (a) prohibits a judge from sitting in any case or proceeding in which the judge has a pecuniary interest; serving in any case or matter in which the judge is related by consanguinity or affinity within the sixth degree to any party interested in the outcome of the case; or sitting in a case or proceeding without the consent of all parties in which the judge has been of counsel or in which the judge presided in an inferior judicature and the judge's ruling or decision is the subject of review. A Georgia district attorney is "of counsel" in all criminal cases or matters pending in the district attorney's circuit and is disqualified from serving as a judge in a case or matter that was investigated or the subject of an indictment during the judge's service as district attorney. *King v. State*, 246 Ga. 386 (7) (271 SE2d 630) (1980). See also *Gude v. State*, 289 Ga. 46 (2) (709 SE2d 206) (2011) (holding that the same principle is applicable to a judge who formerly served as a senior assistant district attorney with supervisory authority over a lawyer who had actual involvement in an aspect of the criminal matter pending before the judge). However, the fact that a judge in the judge's previous capacity as district attorney prosecuted the defendant on *another* charge not currently pending before the judge, is not, standing alone, a ground for disqualification. *Fowler v. Strickland*, 243 Ga. 30 (2) (252 SE2d 459) (1979). See also *Brown v. State*, 307 Ga. App. 99 (3) (a) (i) (704 SE2d 227) (2010); *Lemming v. State*, 292 Ga. App. 138 (1) (663 SE2d 375) (2008) (finding no error under Canon 3E of the Code of Judicial Conduct in a trial judge's failure to sua sponte recuse from a case solely because the defendant previously had been prosecuted on another charge by the judge in the judge's former capacity as a prosecutor). The trial court did not err when it denied Leverette's motion to recuse.

2. Appellant contends the State failed to honor its agreement to have a sentence of life imprisonment imposed upon appellant in exchange for his guilty pleas, and the trial court failed to address the issue pursuant to USCR 33.5 and 33.10. The transcript of appellant's guilty plea reflects he was sentenced to life imprisonment for murder and to sentences of terms of years to be served concurrently with the life sentence for the remaining crimes. The transcript of a hearing held in August 2001 on appellant's petition for a writ of habeas corpus, contained in the record of this appeal, reflects compliance with USCR 33.5 (upon request of the parties, the trial judge may

---

[3] In denying the motion, the trial judge ordered the redaction of his name as district attorney from the copy of the 1990 indictment that would be placed in evidence in the second phase of the bifurcated trial in support of the charge that appellant was a convicted felon in possession of a firearm. The document was not seen by the jury since appellant pled guilty to the other charges and the charge based on his status as a convicted felon was dropped.

permit disclosure of the plea agreement to the judge and the judge may indicate whether the judge will likely concur). More than one sentence was imposed because appellant entered guilty pleas to more than one crime, and the State laid out the factual basis for each crime to which appellant entered a guilty plea. Inasmuch as the sentences imposed by the trial court were those contained in the plea agreement, there was no need to comply with USCR 33.10 (judicial statement of intent to reject the plea agreement).

3. Appellant contends the indictment was fatally flawed in that it did not state the venue of the crimes. The indictment was returned in the Superior Court of Elbert County, and each count of the indictment charged that appellant committed the crime "in the County and State aforesaid. . . ." Since the Georgia Constitution requires that "all criminal cases shall be tried in the county where the crime was committed" (Ga. Const. 1983, Art. VI, Sec. II, Par. VI), an indictment need only set forth the Georgia county in which the crime is alleged to have occurred and failure to set out the street address at which the crime took place is not a fatal flaw. See *West v. State*, 296 Ga. App. 58 (1) (673 SE2d 558) (2009) (proof of county in which the crime was committed, not the street address of the site, establishes venue).

4. Appellant contends he was entitled to an out-of-time appeal because his failure to pursue a timely direct appeal was a result of trial counsel's "abandonment" of him shortly after appellant's guilty pleas were entered and sentences were imposed.

> [A] criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. . . . [A direct] appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record. [Cit.]

(Punctuation omitted.) *Brown v. State*, supra, 290 Ga. 321 (1). Having established that appellant's assertions of error that could be decided on the basis of the existing record are without merit, we conclude the trial court did not abuse its discretion in denying appellant's motion for out-of-time appeal.

5. Appellant's motion to amend, presenting additional grounds, is denied. The motion was filed 49 days after the appeal was docketed, and enumerations of error must be filed within 20 days of docketing. OCGA § 5-6-40; Supreme Court Rules 10 and 19. Supplemental assertions of error untimely filed are not considered. *Harrison v. State*, 268 Ga. 574 (5) (492 SE2d 218) (1997).

6. Appellant's remaining enumeration of error, that this Court's ability to review the merits of his case was thwarted by his receipt of two copies of the transcript of his guilty plea that contained minor discrepancies between them,[4] is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 2012 —
RECONSIDERATION DENIED NOVEMBER 5, 2012.

David Leverette, *pro se.*

*Robert W. Lavender, District Attorney, Leon Jourolmon, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.

---

[4] One transcript sets forth the oath taken by appellant prior to testifying; the other transcript asks appellant to raise his right hand and be sworn. Only one transcript describes the right to remain silent as a constitutional right, and only one transcript reflects that appellant was asked whether he was an American citizen.