**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE, P. J., and REESE, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 15, 2018**

# In the Court of Appeals of Georgia

A17A1454. SERDULA v. THE STATE.

MILLER, Presiding Judge.

Paul Patrick Serdula was indicted in Cobb County for numerous offenses, including child molestation and aggravated sodomy. Serdula moved to recuse the trial judge, alleging, relevantly, that the judge had a "close relationship" with the Cobb County District Attorney. Following a hearing, the trial court denied the motion, and after a bench trial, Serdula was found guilty of all the counts with which he was charged. Serdula now appeals from the trial court's denial of his amended motion for new trial. Because we find that the trial court erred in its denial of the motion to recuse, we vacate Serdula's convictions and remand for further proceedings consistent with this opinion.

The trial court's determinations about whether recusal is warranted under Uniform Superior Court Rule 25.3 are questions of law which are subject to de novo review. *Mayor & Aldermen of City of Savannah v. Batson-Cook Co.*, 291 Ga. 114, 119 (1) (728 SE2d 189) (2012).

So viewed, in 2010, Serdula was indicted for multiple counts of unlawful surveillance, child molestation, aggravated sodomy, sexual assault against a person in custody, and aggravated child molestation. That same year, the trial judge, Reuben M. Green, campaigned for election to the Cobb County State Court, but was appointed by the Governor to the Cobb County Superior Court bench.[1] The Cobb County District Attorney at that time was Patrick H. Head. In December 2010, after this case was assigned to Judge Green, Serdula filed a motion to recuse, accompanied by a sworn affidavit. In the affidavit, Serdula asserted that he had learned of the "close relationship" between the trial judge and Head.

At a hearing on the motion, Serdula's trial counsel argued that Judge Green and the district attorney had a "close association," and that an evidentiary hearing was

[1] At the time that this case was being investigated, Judge Green was employed by Cobb County as an assistant district attorney, but he was assigned to the Northern District of Georgia U.S. Attorney's Office. While still assigned to that office, Judge Green campaigned for election to the Cobb County State Court.

needed to inquire into the closeness of the relationship. Serdula requested that the trial court refer the recusal motion to another judge for disposition, but the trial court denied the motion. In doing so, Judge Green stated he did not believe that there was any reason why his impartiality might be reasonably questioned, that he neither represented the State in any aspect of Serdula's case nor participated in the investigation of Serdula's case, and that he did not have any special relationship with Head. Judge Green, however, later admitted during a hearing on a recusal motion in another case that Head had served as his campaign treasurer for his ultimately abandoned 2010 State Court campaign.[2] *Post v. State*, 298 Ga. 241, 255 (3) (a) (779 SE2d 624) (2015).

Following a bench trial, the trial court found Serdula guilty of all counts with which he was charged and sentenced him to life imprisonment. Serdula now appeals from the denial of his amended motion for new trial, arguing, inter alia, that the trial judge erred in denying the motion to recuse.

---

[2] We acknowledge this undisputed fact in the Supreme Court of Georgia's opinion pursuant to OCGA § 24-2-201 (b) (2); see *Rothenberg v. Security Mgmt. Co. Inc.*, 667 F2d 958, 961, n. 8 (11th Cir. 1982) (appellate court can take "judicial notice of subsequent developments in cases that are a matter of public record and are relevant to the appeal") (citations omitted).

1. As his first enumeration of error, Serdula asserts that the impartiality of the trial court might reasonably be questioned in this case, and that reversal is warranted due to the trial court's error in denying his motion to recuse. We agree that the trial court erred in denying Serdula's motion to recuse and vacate such order with instruction.

> We first review the basic procedural and substantive rules governing motions to recuse superior court judges in Georgia. Rule 25.3 of the Uniform Superior Court Rules explains that when the trial judge assigned to a case is presented with a recusal motion and an accompanying affidavit, the judge shall temporarily cease to act upon the merits of the matter and determine immediately: (1) whether the motion is timely; (2) whether the affidavit is legally sufficient; and (3) whether the affidavit sets forth facts that, if proved, would warrant the assigned judge's recusal from the case. If all three criteria are met, another judge shall be assigned to hear the motion to recuse. USCR 25.3. The decision about referring a recusal motion for reassignment to another judge does not involve an exercise of discretion by the judge whose recusal is sought.

(Citations omitted.) *Post*, supra, 298 Ga. at 243 (1).

4

As an initial matter, we question whether the averment of a "close relationship" between Judge Green and Head would have required assignment to another judge, because this claim lacks objective facts regarding the relationship. See *Marlow v. State*, 339 Ga. App. 790, 801 (4) (792 SE2d 712) (2016) (finding the affidavit insufficient to warrant recusal where the appellants cited no evidence that the judge had any contact with the victim or the extent of the relationship at issue), cert. denied (Ga. June 5, 2017); see also, e.g., *Gude v. State*, 289 Ga. 46, 49-50 (2) (b) (709 SE2d 206) (2011) (motion insufficient where appellant alleged that the judge had previously been an employee of the district attorney and owed a debt of gratitude to the district attorney for her prior employment).

Nonetheless, "[a]ll parties before the court have the right to an impartial judicial officer. The issue of judicial disqualification can rise to a constitutional level since a fair trial in a fair tribunal is a basic requirement of due process." (Citations and punctuation omitted.) *Batson-Cook Co.*, supra, 291 Ga. at 114. Thus, even where the facts in an affidavit do not warrant recusal if assumed true, a judge still maintains an ethical duty to recuse himself when he is independently aware of grounds to do so. *Gude*, supra, 289 Ga. at 50 (3).

Under the Georgia Code of Judicial Conduct, judges are to "act at all times in a manner that promotes public confidence in the . . . impartiality of the judiciary." Rule 1.2 (A). When deciding whether the assumed state of facts in the affidavit would authorize an order requiring recusal, the assigned judge is to be guided by Rule 2.11 of the Code. *Post*, 298 Ga. at 244 (1). In accordance with Rule 2.11 (A),[3] judges "shall disqualify themselves in any proceeding in which their *impartiality* might reasonably be questioned, or in which: (1) [t]he judge has a personal bias or prejudice concerning a party or a party's lawyer . . . ." (Emphasis in original.) As explained in the official commentary to this rule, even where a judge does not think that there exists any basis for disqualification, he "should disclose on the record, or in open court, information that the court believes the parties or their lawyers might consider relevant to the question of disqualification." Rule 2.11 (A), Comment [2]; see *Stinski v. State*, 286 Ga. 839, 842 (3) (691 SE2d 854) (2010).

With the Code of Judicial Conduct in mind, and given the Supreme Court's extensive analysis in *Post*, we must conclude that, even assuming, without deciding, the facial insufficiency of Serdula's affidavit, the trial court erred in its disposition

---

[3] Before the Georgia Code of Judicial Conduct was revised effective January 1, 2016, the provisions of Rule 2.11 (A) were set forth in Canon 3E (1). See *Post*, supra, 298 Ga. at 244 (1) n. 4.

of the recusal motion because it had an independent duty to address recusal and make disclosures based on Judge Green's personal knowledge of Head's position with his campaign.[4]

The treasurer of a judge's campaign may have financial reporting obligations even *after* the conclusion of the election. *Post*, supra, 298 Ga. at 250 (2) (d). As the Supreme Court explained in *Post*, "it is not unusual for the financial components of a campaign to continue well after the election components of the campaign have ended, as the campaign pays off debts (which may require additional fundraising),

---

[4] In *Post*, the defendant's recusal motion was supported with a printout of a campaign disclosure form, indicating that as of April 2011, "the [Cobb County] district attorney, using the address of the district attorney's office, was serving as the treasurer of Judge Green's active campaign for the Superior Court, not the State Court seat the judge was seeking when he was appointed." 298 Ga. at 250 (2) (d). The Supreme Court determined, however, that questions remained "regarding Judge Green's campaign committee or committees, what judicial offices they were for and whether and when their activities were terminated, and the scope and nature of Head's functions as treasurer." Id. at 252 (2) (d). Accordingly, the Supreme Court ruled that "Judge Green was required to refer the motion for reassignment to another judge who could then decide the recusal motion on its merits, after an evidentiary hearing or other development of the record." Id. at 253 (2) (e).

We recognize that unlike *Post*, there was no campaign disclosure form filed here, pertaining to a *current* campaign committee. Nevertheless, we do not find that this renders Serdula's case so distinct from *Post* so as to compel a different result, because Serdula's motion was filed two months after Judge Green was appointed to the superior court in 2010, and Head had served as Judge Green's campaign treasurer that same year.

refunds or otherwise expends contributions . . . ." Id., supra, 298 Ga. at 250 (2) (d). Thus, one could reasonably infer that Head played "a significant role in managing the financial activities of the judge's campaign," Id., supra, 298 Ga. at 251 (2) (d), and may have had obligations in this role even after Judge Green was appointed to the Superior Court in October 2010.

Serdula filed his recusal motion approximately two months after Judge Green's appointment. At the hearing in February 2011, Serdula's trial counsel argued that the trial judge and the district attorney "were fairly close," and had a "close association," that this was an important issue, and that an evidentiary hearing was needed to inquire into "the close ties" between Judge Green and the district attorney. Despite Judge Green's own knowledge regarding Head's involvement in his recent campaign, the record does not evince that he made any corresponding disclosure to the parties.

We conclude that this proceeding was one in which the trial judge's impartiality *might* reasonably be questioned. *Post*, supra, 298 Ga. at 244; *Gude*, supra, 289 Ga. at 48 (1). Even if the trial court were not inclined to recuse itself, at a minimum, the motion should have been referred to another judge. See *Post*, supra, 298 Ga. at 251 (2) (d) (citing *Neiman-Marcus Group, Inc. v. Robinson*, 829 So2d 967, 968 (Fla. Dist. Ct. App. 2002) ("We hold that where a judge selects an attorney to

8

serve in the special role of campaign treasurer in an election campaign, and the campaign is not remote in time from the date the relationship is revealed to the opposing party, disqualification is warranted.")); see also *Bloomington Magazine, Inc. v. Kiang*, 961 NE2d 61, 66-67 (Ind. Ct. App. 2012) (recusal warranted where party's counsel served as chairman of judge's election committee, counsel filed appearance in the matter three months after the election, and motion to recuse was filed within two years of the election).

As in *Post*, the extent, timing and nature of Head's involvement as treasurer are untold and need to be factually developed. Accordingly, we

> vacate [Serdula's] convictions and Judge Green's order denying his recusal motion, and we remand this case to the trial court to be referred for the assignment of a judge other than Judge Green to decide the recusal motion.

> If the judge assigned to decide the recusal motion denies it, then Judge Green will continue to preside over the case, the judgments of conviction against [Serdula] should be re-entered, and he may file a new appeal enumerating the denial of the recusal motion as error along with the enumerations of trial error that he raised in this appeal. If the recusal motion is granted, however, [Serdula's] case must be reassigned, all proceedings and orders after the filing of the motion would be void as

9

to [Serdula], and his case would start over from that point before the new judge assigned to the case.

(Citations omitted.) *Post*, supra, 298 Ga. at 253 (2) (e).[5]

2. In light of our conclusion in Division 1, we need not address Serdula's remaining enumerations of error at this time.

3. Serdula's new substitute appellate counsel has also filed motions to remand, in which Serdula requests evidentiary hearings on additional issues not presented before the trial court. We address each in turn.

a. Serdula raises the issue of possible ineffectiveness of trial counsel in presenting the motion to recuse. However, this issue has been waived.

"Where the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims of ineffective assistance by trial counsel not raised at that time are waived." (Citation omitted.) *Smith v. State*, 282 Ga. App. 339, 344 (4) (638 SE2d 791) (2006). The record shows that Serdula's previous appellate attorney filed a

---

[5] We note that the *Post* case included two other defendants, whose cases the Supreme Court remanded to the trial court "with direction that the cases be reassigned to a new judge to continue with pretrial proceedings" from the point at which the defendants had filed their recusal motions. 298 Ga. at 258 (3) (b). We do not arrive at that result here because those two defendants had filed recusal motions specifically based on statements that Judge Green made while presiding over the recusal hearing. Id. As that was not the basis for Serdula's motion, this result is not required.

motion for new trial, which alleged that trial counsel was ineffective. However, the specific issue of trial counsel's performance in presenting the recusal motion was never raised, either in the motion for new trial or at the hearing on that motion. Consequently, Serdula has waived this argument and he is not entitled to a hearing on this issue on remand. See e.g., *Cooper v. State*, 324 Ga. App. 451, 456-457 (3) (751 SE2d 102) (2013).

b. Serdula also posits that the correctness of the record from the hearing on the motion for new trial has been "called into question," necessitating an evidentiary hearing. We disagree.

Serdula claims that there is a psychological report in which it was determined that he was possibly suffering from delusional compulsions that would render him incompetent to stand trial, and that trial counsel verified this report during cross-examination at the hearing on the motion for new trial. According to Serdula, however, he was taken from the courtroom during the hearing; his first appellate counsel then held off-the-record discussions with the prosecuting attorney and the trial court regarding the evidence to be included in the record; and a different report from the one referenced during the hearing was entered into evidence. Thus, Serdula

11

posits that "an additional hearing is required to determine the accuracy of the psychological report that is a part of the trial record."

A careful review of Serdula's argument, however, reveals that he is not contending that the certified record before us is incorrect or that what transpired below is not properly reflected in the record.[6] Compare *State v. Nejad*, 286 Ga. 695, 696-697 (1) (690 SE2d 846) (2010) (certified trial transcript did not reflect that the trial judge informed defendant of his right to testify and that the decision whether to testify was to be made after he consulted with counsel); *Pullen v. State*, 146 Ga. App. 665, 667-668 (2) (247 SE2d 128) (1978). Insofar as Serdula is not in fact challenging the accuracy of the record transmitted by the trial court to this Court on appeal, no remand or hearing is required on this issue.

c. Serdula also claims that his previous appellate counsel was ineffective in his examination of trial counsel at the hearing on the motion for new trial.

> [C]laims of ineffective assistance of appellate counsel which are
> premised on other claims that are not procedurally barred may be raised

---

[6] The record before us contains both psychological reports. We also note that the trial court heard both testimony and argument regarding the findings in the report which Serdula claims was not entered into evidence.

12

on appeal by new appellate counsel. Assuming that Appellant's claim of ineffective first appellate counsel is properly raised because it is premised on a claim not procedurally barred, a remand to the trial court for an evidentiary hearing would be necessary unless we can determine from the record that the two-prong test for ineffectiveness cannot be met.

(Citation and punctuation omitted.) *Tepanca v. State*, 297 Ga. 47, 51 (6) (771 SE2d 879) (2015); *Kendrick v. State*, 196 Ga. App. 182 (395 SE2d 644) (1990).

Serdula presents a blanket contention that his previous appellate lawyer was ineffective in his cross-examination of trial counsel, but he identifies no specific errors to show that the attorney's performance was deficient. "In essence, he leaves this Court to engage in a guessing game as to how appellate counsel's representation, or rather lack thereof, might have amounted to ineffective assistance." *Tepanca*, supra, 297 Ga. at 51 (6). This alone is insufficient to meet his burden, and we need not remand for another hearing. Id.

13

4. Lastly, Serdula seeks the disqualification of the current Cobb County District Attorney, Vic Reynolds, as well as his entire office, contending that at the time of his trial, Reynolds was the law partner of his trial attorney.[7]

> There are two generally recognized grounds for disqualification of a prosecuting attorney. The first such ground is based on a conflict of interest, and the second ground has been described as "forensic misconduct." A conflict of interest has been held to arise where the prosecutor previously has represented the defendant with respect to the offense charged, or has consulted with the defendant in a professional capacity with regard thereto.

(Citations omitted.) *Williams v. State*, 258 Ga. 305, 314 (2) (B) (369 SE2d 232) (1988).

Nevertheless, this argument provides nothing for us to review. Although Serdula posits that the current district attorney assumed office in 2012, the record does not reflect that Serdula thereafter made any request for his disqualification, even as post-conviction proceedings continued in the trial court. See *Mosier v. State Bd.*

---

[7] Serdula relies on a letter brief to the trial court purportedly bearing the letterhead "Jimmy D. Berry, Vic Reynolds, Attorneys at law," and showing that the two attorneys shared a physical address, phone number, and fax number. This document was not a part of the trial record, and thus, is not in the record before us.

*of Pardons & Paroles*, 213 Ga. App. 545 (1) (445 SE2d 535) (1994) (in civil suit arising from plaintiff's criminal prosecution, contention that judge should have recused himself from criminal case presented nothing for appellate review since plaintiff did not request recusal in the trial court); *State v. Hargis*, 294 Ga. 818, 821 (1) (756 SE2d 529) (2014). We also cannot, in the first instance, determine whether the district attorney's disqualification is necessary going forward because there is no indication as to whether Reynolds had any involvement at all in the defense of Serdula's case prior to his election as Cobb County District Attorney.[8]

In summary, we vacate Serdula's convictions and remand this case to the trial court so that the recusal motion as to Judge Green can be assigned to another judge for disposition, consistent with this opinion.

*Judgment vacated and case remanded. Doyle, P.J., and Reese, J., concur.*

---

[8] We note that nothing in this opinion should be interpreted to mean that Serdula is foreclosed from moving for the disqualification of the district attorney when this case returns to the trial court for future proceedings. Further, we express no opinion on the merits of any such motion.